## DeHaven et al. *v.* DeHaven et al.

PLEADING.—*Demurrer.*—It is not error to sustain a demurrer to a special paragraph of an answer when it puts in issue nothing not also in issue by the general denial.

PRACTICE.—*Bill of Exceptions.*—An exception was taken to a ruling of the court, and time was given "till next term" to file a bill of exceptions, but it was not filed until the sixth day of the next term.

*Held,* that this was too late. "Till next term" of the court did not include the time during the next term, or any part of it.

From the Fayette Common Pleas.

*J. S. Reid* and *B. F. Claypool,* for appellants.

*J. C. McIntosh,* for appellees.

DOWNEY, J.—This was a petition for the partition of certain real estate situated in Fayette county, filed by John H. DeHaven, Nancy A. DeHaven, Christopher DeHaven, her husband, Nancy Wooters, Isaac Stockdale, John Stockdale, and Elbert Stockdale, against Isaac DeHaven, Jacob De-Haven, and James S. DeHaven. It is alleged that William DeHaven died in 1871, intestate, the owner in fee simple of the real estate; that he died without leaving any issue, or widow; that he left, as his heirs at law, Isaac DeHaven, his father, who, by law, is the owner of one-half of said real

estate, and brothers and sisters as follows : John H. DeHaven and Nancy A. DeHaven, only representatives of Elizabeth DeHaven, deceased, a sister of said deceased, complainants herein, and Jacob DeHaven and James J. DeHaven, who are made defendants hereto; that the complainants, Nancy Wooters, Isaac Stockdale, John Stockdale, and Elbert Stockdale are children and representatives of Sarah A. Stockdale, who was a sister of said deceased, and died before his decease. They therefore allege that said John H. DeHaven, Nancy A. DeHaven, James J. DeHaven, and Jacob DeHaven are each the owner in fee simple of one-fifth of one-half of said real estate, and that the said Nancy Wooters, Isaac Stockdale, John Stockdale, and Elbert Stockdale together own in common one-fifth of one-half thereof. Prayer that partition be made, and that the shares of John H. DeHaven and Nancy A. DeHaven be set off to them in severalty, and that the shares of said Nancy Wooters, Isaac Stockdale, John Stockdale, and Elbert Stockdale be set off to them in one body. No question is made as to the sufficiency of the petition.

The first question presented is as to the sufficiency of the second and third paragraphs of the answers of the defendants. The second paragraph alleges facts which controvert the right of Nancy A. DeHaven to have a share of the real estate. It clearly puts in issue nothing not in issue by the general denial which was filed, and for this reason we shall not determine the question whether it was sufficient or not.

The question as to the sufficiency of the third paragraph of the answer is expressly waived by counsel for the appellants in their brief, and it need not therefore be considered.

Upon a trial by the court, there was a finding in accordance with the facts stated in the petition, a motion for a new trial, made by the defendant, overruled, and judgment rendered for partition. Time was given the defendants " till next term " to file their bill of exceptions.

On the second day of the next term, the commissioners reported the partition, to which exceptions were filed, and

among them one disputing the heirship or right of Nancy A. DeHaven.    This exception was stricken out by the court.

The plaintiff replied to the exceptions by a general denial.

The court confirmed the partition as made by the commissioners on the sixth day of the term, and the defendants then filed their bill of exceptions.

The remaining question is as to the sufficiency of the evidence to justify the finding of the court, its insufficiency having been urged as a reason for a new trial.

But here we are met by an objection, which arises in the record, to the consideration of this question.    The record shows, as we have seen, that time was given till the next term in which to file the bill of exceptions containing the evidence, and that it was not filed until the sixth day of the next term.  " Till the next term of the court" did not include the time during the next term, nor any part of it.    *Newby* v. *Rogers*, 40 Ind. 9.    Hence, the bill of exceptions was not filed within the time given, and cannot be regarded as in the record for any purpose.

An exception must be taken at the time the decision is made ; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court.  2 G. & H. 209, sec. 343.

The judgment is affirmed, with costs.