No. 9570.

## CORBIN v. KETCHAM, ADMINISTRATRIX.

BILL OF EXCEPTIONS.—*Time Given for Filing Beyond Term.*—*Errors.*—*Supreme Court.*—Where time is given beyond the term for filing a bill of exceptions, *until* a day named, the filing of the bill *on* such day is not within the time limited, and such bill does not become a part of the record; and where the errors complained of are shown only by such bill of exceptions so filed, they are not apparent in the record, and present no question for the decision of the Supreme Court.

SAME.—*Motion to Strike Out Bill of Exceptions.*—Where it is claimed that a bill of exceptions is not in the record, a formal motion to strike it out is unnecessary, and, if made, it will not be considered or passed upon until the cause is finally decided by the Supreme Court. In such a case all that is necessary is a statement in the briefs of counsel of the grounds upon which it is claimed that the bill is not in the record.

From the Marshall Circuit Court.

*J. D. McLaren* and *D. Turpie*, for appellant.

*S. Claypool* and *W. A. Ketcham*, for appellee.

HOWK, J.—This was a suit by the appellee against the appellant, in a complaint of one paragraph, to which the appellant answered by a general denial. The issues joined were tried by the court, and, at the appellant's request, the court made a special finding of the facts, and stated its conclusions of law thereon. Over the appellant's motion for a new trial, the court rendered judgment against him, in appellee's favor, upon the special finding and conclusions of law.

In this court the appellant has assigned the following errors:

1. The court erred in its conclusions of law upon the facts specially found;

2. The court erred in overruling his motion for a new trial; and,

3. The court erred in rendering judgment for appellee instead of for appellant.

The appellee has filed in this court a written motion to strike out from the record of this cause "the bill of exceptions, for the reason that the same was not filed within the time allowed

by the court, and the same is not properly a part of the record."

Appellant's motion for a new trial was overruled by the court, on the 10th day of July, 1880, and an exception was duly saved to the ruling, and the appellant was allowed "until the second day of the next term to file a bill of exceptions." On the first day of the next term, to wit, Monday, October 4th, 1880, the parties agreed in writing, in open court, "that the time for filing a bill of exceptions in this case shall be extended until the 4th Saturday of the present term." On the day last named, the time was again extended by agreement until the seventh Tuesday of the term; and before that day, to wit, on Friday, November 12th, 1880, the parties appeared and it was then agreed that the appellant should have "*until* the second Tuesday of the December term, 1880, of the Marshall Circuit Court," for filing a bill of exceptions in this cause. The record then shows that, *on* the second Tuesday of the December term, 1880, the appellant presented to the court the bill of exceptions which "is signed by the court and ordered to be filed and made a part of the record herein."

Under the decisions of this court the appellee's motion to strike out the bill of exceptions, in this case, is well taken, and must be sustained. In *DeHaven* v. *DeHaven*, 46 Ind. 296, it appeared that time had been given the defendants "till next term" to file their bill of exceptions. The court there said: "The record shows, as we have seen, that time was given till the next term in which to file the bill of exceptions containing the evidence, and that it was not filed until the sixth day of the next term. 'Till the next term of the court' did not include the time during the next term, nor any part of it. *Newby* v. *Rogers*, 40 Ind. 9. Hence, the bill of exceptions was not filed within the time given, and can not be regarded as in the record for any purpose." So, in *Erb* v. *Moak*, 78 Ind. 569, it appeared that time had been given the appellant *until* the second day of the next term to file his bill of exceptions, and that the bill was signed and filed *on* the

second day of the next term.    It was there said :    "The bill of exceptions was filed one day too late, and can not be considered as a part of the record."    In *Toledo, etc., R. W. Co.* v. *Howes*, 68 Ind. 458, it is said :    " It is settled by a large number of the decisions of this court, that where time is given beyond the term, in which to prepare and file a bill of exceptions, the record must affirmatively show that it was not only signed but filed within the time limited, or it will not constitute a part of the record.    Busk. Prac. 144, and cases cited." ·

In the case at bar, the bill of exceptions was not filed *within* the time limited by the last extension of time, and, therefore, it does not constitute a part of the record.

It is not shown by the record that the appellant excepted to the court's conclusions of law upon its special finding of facts.    It was attempted to show that appellant excepted at the time to the conclusions of law, by the bill of exceptions, but this bill was filed too late, and is not a part of the record. It follows that the first alleged error is not apparent in the record, and presents no question for our decision.

In the oral and written arguments of appellant's learned counsel, it is earnestly insisted that the trial court erred in refusing to allow the appellant to testify as a witness in his own behalf, and in the admission of certain incompetent evidence.    But how are we to know that the appellant was excluded as a witness, or that the evidence complained of was admitted ?    Neither of these matters is shown to be true by any bill of exceptions properly in the record, or by any order of court; and, certainly, their truth can not be shown, under the law, in any other manner.    Appellant's counsel also claim in argument that the court erred in its assessment of the amount of recovery, and that the damages assessed are excessive.    These are matters which can not properly be considered by this court in the absence of the evidence, and the evidence has not been made a part of the record.    If the court's special findings of facts are correct, and they can not be questioned here without the evidence, we can not say that the as-

sessment of the amount due the appellee was erroneous, and the damages assessed were a part of the conclusions of law, which were not even excepted to by the appellant, so far as the record shows. In truth, none of the errors complained of in argument, by the appellant's counsel, are apparent in the record or can be considered by this court in the absence of the bill of exceptions, which is not a part of the record.

In conclusion we may properly remark that, where it is claimed that a bill of exceptions is not in the record, a formal motion to strike out such bill is wholly unnecessary; and if made it will not be considered or passed upon until the cause is finally decided by the court. All that is necessary, in such a case, is a statement in the briefs of counsel of the grounds upon which it is claimed that the bill is not properly in the record.

The judgment is affirmed, with costs.