[No. 9581.   Department One. — December 28, 1886.]

WILLIAM C. BLACKWOOD, Respondent, *v.* CUTTING PACKING COMPANY, Appellant.

Practice — Extension of Time to Answer — Failure to File Stipulation — Default — Abuse of Discretion. — The action was brought on the 5th of January, 1884, and the summons served three days thereafter. On the 5th of February, 1884, the attorney for the plaintiff wrote a letter to one of the officers of the defendant, in which the time to answer was extended to the 11th of February. On the 9th of the same month, the attorney of the defendant, by an indorsement on the back of the letter, again extended the time to answer to and including the 17th of February, which was Sunday. This letter the defendant neglected to file. On the 18th of February the default of the defendant was entered, and a judgment rendered in favor of the plaintiff. On the same day the defendant made a motion to set aside the default and judgment, based upon affidavits of merit setting forth the foregoing facts, and upon the hearing of the motion asked permission to file an answer. The court denied the motion. *Held*, that the ruling of the court was an abuse of discretion, notwithstanding the stipulation extending the time to answer was not filed.

Id. — Stipulation Extending Time to Answer — Last Day Falling on Sunday. — A stipulation extending the time within which to answer to and including a specified day which falls on Sunday entitles the defendant to answer at any time during the succeeding Monday.

Appeal from a judgment of the Superior Court of Alameda County, and from an order refusing to vacate the judgment and set aside a default.

The facts are stated in the opinion.

*Chickering & Thomas,* and *Warren Olney*, for Appellant.

The court abused its discretion in denying the motion. (*Watson* v. *S. F. & H. B. R. R. Co.*, 41 Cal. 20; *Dodge* v. *Ridenour*, 62 Cal. 263; *Howe* v. *Independence Co.*, 29 Cal. 72; *Francis* v. *Cox*, 33 Cal. 323; *McKinley* v. *Tuttle*, 34 Cal. 235.)

*A. A. Moore*, and *George W. Reed*, for Respondent.

The refusal to set aside the default was within the discretion of the trial court, and will not be reviewed on

appeal except in manifest cases of abuse. (*Roland* v. *Kreyenhagen,* 18 Cal. 455; *Mulholland* v. *Heyneman,* 19 Cal. 605; *Woodward* v. *Backus,* 20 Cal. 137; *Howe* v. *Independent Co.,* 29 Cal. 72; *Haight* v. *Green,* 19 Cal. 113.)

SEARLS, C.— The plaintiff brought an action against the defendant for an alleged balance due on a sale of some apricots.

The complaint was filed on the fifth day of January, 1884, and summons served on the eighth day of the same month and year. On the eighteenth day of February of that year a default was entered and a judgment rendered in favor of the plaintiff for the amount of his demand and costs. Upon that same day a notice of motion was served and filed to set aside the default and judgment, in these words: —

"To the plaintiff, and A. A. Moore and George W. Reed, his attorneys.

"You will please take notice that on Friday, the twenty-ninth day of February, 1884, at the hour of ten o'clock A. M., or as soon thereafter as counsel can be heard, at the court-room of this court, Department No. Two, in the court-house at the city of Oakland, Alameda County, California, we shall move said court for an order setting aside the judgment and default heretofore entered against said defendant, and granting said defendant leave to file an answer to the complaint in said action.

"Said motion will be made and based upon the following grounds, to wit: —

"1. That said default was taken against said defendant before the time allowed by law for answering, and the extension in writing, by the stipulation of said plaintiff's attorneys, had expired.

"2. On the ground of the mistake, inadvertence, and excusable neglect of defendant's attorneys.

"Said motion will be made upon the papers on file

herein, and upon the affidavits, copies of which are hereto attached and served herewith.

> "Yours, etc.,
> "CHICKERING & THOMAS,
> "Attorneys for Defendant.

"Dated February 18, 1884."

The affidavits of merit, made in support of the motion by one of the attorneys for defendant, and Mr. Cutting, the vice-president of the corporation sued in the action, are as follows:—

"State of California, City and County of San Franciso.

"William Thomas, being duly sworn, deposes and says: I am one of the attorneys for the defendant in the above-entitled action. The vice-president of the said defendant has fully and fairly stated to me the facts of the said case, and I have advised him, and believe, that said defendant has a good defense thereto, on the merits. We were retained in the case on the 15th of February, 1884. As there was but little time to prepare the papers, I at once prepared a stipulation, allowing us a few more days within which to answer, and sent it to Oakland by B. Noyes, Esq., a member of the bar employed in our office, requesting him to see one of the plaintiff's attorneys and ask for such time. I am informed by said Noyes, and therefore believe, that he called at the office of said plaintiff's attorneys on the afternoon of the 16th inst., but could not find said attorneys, both of them being absent; that said Noyes believed and understood that defendant's time to answer did not expire until the close of the eighteenth day of February, 1884. I have always understood the terms of the stipulation set out in the affidavit of Francis Cutting, filed herewith, to give the whole of the succeeding day, when the last day expressed therein falls on a Sunday, and such, I am informed, is the general belief of the members of the bar of this city and county.          WILLIAM THOMAS."

[Duly verified.]

" State of California, City and County of San Francisco.

" Francis Cutting, being duly sworn, deposes and says that he is the vice-president of the defendant corporation in the above-entitled action; that he has fully and fairly stated the facts of the above-entitled case to his counsel, Chickering & Thomas, and that he is advised by said counsel that the defendant corporation has a good defense on the merits of the said action; that A. D. Cutler is an employee of said corporation, and was such employee on February 5, 1884; that on said last date, George W. Reed, one of the plaintiff's attorneys, addressed to said Cutler a letter, in the words following, to wit:—

" ' OAKLAND, Feb. 5, 1884.

" ' MR. A. D. CUTLER,—*Dear Sir:* Mr. Blackwood called to see us to-day in regard to the last suit brought against Cutting Packing Company. He desired me to say to you that the defendant might have until February 11, 1884, within which time to answer, and the time is hereby extended until that time. In regard to the proposition made by you concerning the amending of the complaint, I will talk with Mr. Moore, and advise you to-morrow.

" ' Yours truly,

" ' GEORGE W. REED.'

" That the above-entitled action is the ' last suit ' mentioned in said letter; that on February 9, 1884, affiant saw A. A. Moore, one of plaintiff's attorneys, who indorsed on the back of said letter the following, to wit:—

" ' Time to answer in this case is hereby extended to and to include February 17, 1884.

" ' A. A. MOORE, Attorney for Plaintiff.'

" February 9, 1884.

" FRANCIS CUTTING."

[Duly verified.]

Upon the hearing of the motion, its counsel stated that the defendant had prepared a verified answer to the complaint, which was then and there offered to be filed,

if the court would allow it, after setting aside the default and vacating the judgment.

The court denied the motion, and from the order made therein, and the judgment rendered against it, the defendant appeals.

It appears by the record, from a letter dated February 5, 1884, of one of the plaintiff's attorneys, that the defendant was granted until the 11th of February, 1884, in which to answer; that on the ninth of the same month this time was extended "to and to include February 17, 1884."

The affidavits of merit were sufficient in form and matter, and the stipulation under consideration, had it been entered or filed in accordance with subdivision 1, section 283, Code of Civil Procedure, would have entitled the defendant to have answered at any time on Monday, the eighteenth day of February, 1884 (Code Civ. Proc., secs. 10, 12, 13), since the seventeenth day of February, 1884, fell on Sunday, which was a holiday, and that which was fixed in the stipulation to be performed on that day (viz., the filing of the answer) could have been done on the next day, which was Monday, the eighteenth day of February, 1884.

It was not filed or entered, and was not, therefore, legally binding upon the trial court. Nevertheless, the parties defendant seem to have relied upon it in good faith as a stipulation, which gave them the right to answer the complaint on the said eighteenth day of February.

They appeared at once in court on the same day that default was taken, and offered to file an answer then and there if permitted.

Under all the circumstances of this case, it would seem that it was one in which a wise discretion might have been exercised in granting the defendant's motion.

Therefore, we think that the judgment and order

should be reversed, and the defendant given a reasonable time in which to answer the complaint.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded, with leave to defendant to answer within a reasonable time.