## PENN PLACER MINING COMPANY, RESPONDENT, *v.* SCHREINER ET AL., APPELLANTS.

[Submitted                    Decided February 19, 1894.]

NEW TRIAL—*Statement—Extension of time.*—Where the time for filing a statement on motion for a new trial, or for doing any act of court practice, is extended " to" a certain date, the date named is included within the period prescribed.

SAME—*Amendments—Engrossment.*—A statement on motion for a new trial will not be disregarded because amendments thereto are not engrossed in the record, but occupy a separate position at the close of the statement, where such amendments comprise additional matter which is complete and intelligible in itself.

SAME—*Motion to strike out.*—Motion to strike from the record the statement on motion for a new trial because the evidence was not all reduced to narrative form denied in this case.

*Appeal from Fourth Judicial District, Jefferson County.*

On motion to strike from the record the statement on motion for a new trial. Denied.

*McConnell, Clayberg & Gunn,* for the motion.

Where the language of an order is "time extended to" a certain date the language is clearly exclusive of that date. The word "to" "is opposed to from, and, in most of its uses, is interchangeable with 'unto.'" (Webster's Dictionary; *People* v. *Robertson*, 39 Barb. 9.) The time for serving statement on motion for a new trial having expired on the first day of December, 1891, the granting of a further extension on December 2d was of no validity, and, the statement having been served on the eighth day of December, was not within the proper time. (*Bear River etc. Mining Co.* v. *Boles*, 24 Cal. 354; *Jenkins* v. *Frink*, 27 Cal. 337; *Campbell* v. *Jones*, 41 Cal. 518; Hayne on New Trial and Appeal, § 147, p. 413.) The amendments proposed to the statement on motion for a new trial are tacked on at the end of the statement; and the statement has never been properly, or at all, engrossed. Such a statement has no place in the transcript on appeal. (*Kimball* v. *Semple*, 31 Cal. 658; *Bush* v. *Taylor*, 45 Cal. 112; *Fant* v. *Tandy*, 7 Mont. 443.)

*Toole & Wallace, Contra.*

The word "to," or "till," or "until," when used in an order of court, is inclusive. (*Bunce* v. *Reed*, 16 Barb. 347, 352; *Dawkins* v. *Wagner*, 3 Dowl. Pr. 535; *Houghton* v. *Boisaubun*, 18 N. J. Eq. 318; *Delorme* v. *Ferk*, 24 Wis. 202.)

Harwood, J.—This case stands on motion to strike from the record the statement on motion for new trial: 1. Because the statement on motion for new trial was not served within the time prescribed by the statute, or within the period of time provided by order of court. This alleged ground is based upon the respondent's construction of the order of court extending time. They insist that where the court, by order, extends time *to* a date named, as "to December 2d," the period of extension expires at the close of the day preceding the date named in the order, in this instance at the close of December

1st, because December 1st reaches to December 2d.   We think the contemplation of such an order of court, or stipulation providing time to a certain date, within which to do an act in court practice, such as the filing or service of a paper, includes the date named, as the close of the period prescribed.   2. It is contended that service of statement on motion for new trial was not made in time, although made within the period stated in the order of court extending time to file statement.   The order extending time reads: "For filing statement on motion for new trial"; and it is contended that this order did not suffice to extend the time for *service* of said statement.   The record shows that service of statement was waived by telegram from respondent's counsel to appellants' counsel, on the first day of December—the day the order of the court was made extending time to "file statement."   This telegram was made part of the record by amendment, allowed by the trial court, accompanying the objections to the settlement and allowance of the statement, on the alleged ground that it was not served in time.

It is further urged that the statement on motion for new trial should be disregarded by this court, because the evidence is not entirely reduced to narrative form; and that the amendments are not engrossed in the record, but occupy a separate position at the close of the statement on motion for new trial. These amendments embody several instructions given to the jury by the court—the special findings of the jury; some estimates used by counsel in argument of the case, which the jury was, by agreement of counsel, allowed to take to the jury-room; some record entries in relation to notice of motion for new trial, extending the time for preparation of statement, etc., together with objections to the settlement and allowance of statement inserted in the record, and made part thereof, by way of amendment allowed by the court.   All these amendments comprise additional matter, complete and intelligible in itself, and not of the character referred to in the case of *Gallatin Canal Co.* v. *Lay*, 10 Mont. 528.   Apparently no greater convenience or certainty would result from these amendments being in one part of the statement instead of another.

As to the objection that the testimony is not all in narrative

form, other records have offended more grievously on that score
than this one, and yet have been tolerated by this court.   This
record may be subject to some criticism on the ground that the
testimony is not all reduced to narrative, but it is well under-
stood that there are examples of testimony very difficult to
reduce to narrative form without losing or gaining some force
thereby, and where such is the case this court has been in the
habit of indulging the statement of evidence by question and
answer, as given on the trial.   It is somewhat hard to draw
the line between the cases which should, and those which
should not, be dismissed on this particular ground.   It is a
ground which the court should, and will, act upon of its own
motion.   And when admonition is unheeded, and the abuse
exceeds a just indulgence extended to litigants, unaware of the
improper practice, rather than to counsel, who are the real
offenders, we shall then apply the pruning-knife of dismissal,
to sever from this appellate jurisdiction such records as
unwieldy, cumbrous, and improper engraftments thereon.
From our examination of this record we do not consider it one
which should be thus dealt with.   The motion to strike out
the statement, in our opinion, should be overruled.   An order
will be entered accordingly.

*Motion overruled.*

PEMBERTON, C. J., concurs.