St. Louis Commission Co. v. J. H. Calloway.

Case-Made—*Time for Service of.* Where, by an order of court, time is given to a certain day within which to serve a case-made or other paper, or to do any act in court practice, the time allowed includes the day named, as the close of the period prescribed. And where an order was made granting to the sixth day of May, 1895, to make and serve a case-made, *held*: that such case-made was served in time, when served on said day.

*Error from the District Court of Kay County.*

*Exline & Jacobus,* for plaintiff in error.

*D. J. Donnahoe,* for defendant in error.

The opinion of the court was delivered by

Tarsney, J.:   This case stands on motion to set aside

the case-made herein, for the reason that said case-made was not served within the time allowed by the court therefor. It appears from the record that on March 28, 1895, judgment was rendered in said cause upon a verdict of a jury, in favor of the plaintiff in error, for the sum of $100 and the cost of the action; that the court, thereupon, on said day, ordered that the plaintiff in error have thirty days in which to make and serve a case-made. That the defendant in error have fifteen days to suggest amendments thereto—the case to be settled on ten days' notice. Afterwards, on April 26, 1895, on motion of attorney for plaintiff in error, and for good cause shown, it was ordered by the court that the time for making and serving a case-made be extended to May 6, 1895. Said case-made was duly served upon the attorney for the defendant in error upon May 6, 1895.

The contention of the defendant in error is that the plaintiff in error, having been given to May 6, 1895, to make and serve a case-made, and said service not having been made until May 6, 1895, such service was not within the time allowed by the court, and is therefore void. This contention cannot be sustained. We are cited by counsel for defendant in error to *Hartman v. Ringenberg,* 21 N. E. 464, wherein it is said that, "When time is given until a day named to file a bill of exceptions, a bill filed on the day named is not within the time fixed for the filing." A number of cases shows this to be the rule in the state of Indiana, but we think the contemplation of such an order of court, providing time to a certain date, within which to do an act in court practice, such as the filing or service of a case-made or other paper, includes the date named as the close of the period prescribed. (*Penn Placer Mining Company v. Schreiner,*

35 Pac. 878). No notice is required, by the statutes, to be given the defendant in error of an application for an extension of time, in which to make and serve a case-made, or that such extension has been granted; and there is no strength in the suggestion of defendant in error, that because he had no notice of the application for such extension, or of the allowance of the order extending the time, that he was not given time to suggest amendments, and that the case was settled and signed in the absence of the defendant in error without any notice to him of the time or place where the same would be settled. The extension of the time in which to make and serve the case-made carried with it that part of the original order allowing fifteen days, after such case-made should be served, to suggest amendments thereto. And defendant in error had fifteen days after May 6, 1895, in which to suggest amendments. The record shows that long after the expiration of fifteen days from May 6, 1895, when the case-made was served, namely, on June 17, 1895, defendant in error was duly served with notice, "that on June 29, 1895, at 11 o'clock A. M., or as soon thereafter as counsel could be heard, the plaintiff in error would apply to the judge of said court in chambers, at Perry, Noble county, Oklahoma Territory, and present and submit to the said judge for settlement, the case-made as served" upon the defendant in error in said cause. That defendant in error had from May 6, 1895, to June 29, 1895, to suggest amendments to such case, if he desired to suggest any amendments thereto. The motion to dismiss must be denied.

II. This cause was tried by the court below with a jury. There was a verdict for plaintiff in error. Not having recovered therein the amount prayed for in his

petition, after verdict, he moved the court for a judgment for the amount prayed for in said petition, *non obstante veredicto*, which motion was by the court below overruled and judgment rendered on the verdict. We find no error calling for a reversal of this judgment in this record. There was evidence to support the verdict, and this court will not review the verdict of the jury or the findings of the court, as to the weight or sufficiency of the evidence upon which the verdict is based.

There being no other error apparent in the record, assigned for reversal, the judgment of the court below will be affirmed.

It is so ordered.

Bierer, J., having presided in the court below, not sitting; all the other Justices concurring.