[L. A. No. 346.   Department Two.—May 31, 1898.]

MARIA C. CRANE, Respondent, v. JOHN N. CRANE, Appellant.

DIVORCE—PREMATURE DEFAULT—EFFECT OF STIPULATION.—A stipulation extending the time to answer for a week ending Saturday, July 4th, that day and the next being holidays, has the legal effect to permit an answer to be filed on Monday, July 6th, and a default entered on that day, after the service of an answer, and previously to its filing, was premature, although the stipulation was not made matter of record, it being sufficient to repel the imputation of negligence on the part of the defendant.

ID.—APPEARANCE BY ATTORNEY—ANSWER BY CLIENT—REVERSAL OF JUDGMENT.—Where the defendant had appeared by an attorney who had demurred to the complaint, and who had not been displaced in any manner, the filing of an answer signed only by himself personally was irregular; but where the premature entry of default precluded the filing of an answer properly signed, the irregularity is not of sufficient importance to prevent the reversal of the judgment by default, with leave to file an answer properly signed by the attorney of record, within a reasonable time.

APPEAL from a judgment of the Superior Court of Riverside County and from an order refusing to vacate the judgment. J. S. Noyes, Judge.

The facts are stated in the opinion.

Collier & Evans, for Appellant.

W. J. McIntyre, for Respondent.

BRITT, C.—Suit for divorce, division of common property, etc. The question on appeal relates to the action of the court below in denying defendant's motion to set aside a default entered against him and to vacate the judgment subsequently rendered on the *ex parte* application of plaintiff. Said motion was made in due season, and on the grounds of surprise and excusable neglect and that the default was entered before plaintiff was entitled thereto.

Defendant appeared in the action by attorney and his demurrer to the complaint was overruled; afterward, on June 27, 1896, the attorney for plaintiff, as appears from his affidavit used in opposition to defendant's said motion, "entered into a verbal

stipulation with the attorney for defendant giving him a further week, ending Saturday, July 4, 1896, in which to answer." On Monday, July 6th, an answer prepared and signed by defendant in person was served on the attorney for plaintiff and filed with the clerk of the court; but after service of such answer on him and before the filing thereof the plaintiff's attorney caused the entry of the default. The course taken by the attorney for plaintiff seems to have been the result of the understanding on his part that an answer should not be filed after July 4th; it is only fair to him to say that he makes no point on the fact that his stipulation was not in writing; but as he agreed with opposing counsel that the latter should have a week ending Saturday, July 4th, in which to answer, and as both that day and the day following were legal holidays, it is clear that the effect of the agreement was to extend the time for answering to July 6th, inclusive; and the default entered on that day was premature. (Code Civ. Proc., sec. 13; *Blackwood v. Cutting Packing Co.,* 71 Cal. 461.) This was so although the stipulation was not made a matter of record; it was yet sufficient to repel the imputation of negligence on the part of defendant. (*Huart v. Goyeneche,* 56 Cal. 429; *Johnson v. Sweeney,* 95 Cal. 304.) Defendant's conduct in presenting an answer signed by himself personally was irregular, the attorneys by whom he had previously appeared not having been displaced in any manner (*Board of Commrs. v. Younger,* 29 Cal. 147; 87 Am. Dec. 164); but the circumstance is of little importance in the case, for the entry of default, if rightful, precluded the filing of any answer at all. Had the default not been entered, *non constat,* but that an answer free from any legal objection would have been duly filed. The judgment and order appealed from should be reversed and the cause remanded, with instructions to the court below to set aside the default and allow an answer properly signed to be filed within a reasonable time.

Chipman, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the cause is remanded, with instructions to the court below to set aside the default and allow an answer properly signed to be filed within a reasonable time.          Temple, J., Henshaw, J., McFarland, J.