Blalock *v.* State.

## BLALOCK *v.* STATE.

### (*Knoxville.* November 23, 1901.)

1. TIME. *Computation of.*

Giving time "until" a specified day to perform an act—*e. g.*, to present and file bill of exceptions, includes the day named. (*Post, pp. 186-188.*)

Code construed: § 60 (S.); § 46 (M. & V.); § 48 (T. & S.).

Cases cited: Chester *v.* Hubbard, 2 Hum., 354; Copeland *v.* Woods, 2 Hum., 334.

2. KEEPING OPEN SALOON ON SUNDAY. *Erroneous charge.*

On the trial of the proprietor of a saloon and adjoining and connecting with restaurant, jointly with his bartender and restaurant-keeper, for keeping the saloon open on Sunday, it is error for the Court to charge in such terms as imply that defendant would be guilty if the restaurant alone were opened on Sunday, where the proof shows that all the doors of the saloon, including that opening into the restaurant, were closed and that no one, except the bartender, was found inside the saloon and that he was not doing any business, but only enjoying the luxury of an electric fan on a hot day. (*Post, pp. 188-190.*)

3. SAME. *Same.*

A charge of the Court, on the trial of the offense of keeping open a saloon on Sunday, is erroneous which makes the defendant guilty for opening the door and entering the saloon on Sunday for any purpose whatever, however innocent, urgent, or necessary. (*Post, p. 190.*)

4. SAME. *Same.*

A charge of the Court, on the trial of the offense of keeping open a saloon on Sunday, is erroneous which would make the proprietor guilty on account of the act of his bartender done in

the proprietor's absence and without his knowledge. (*Post, pp. 189, 190.*)

---

FROM HAMILTON.

---

Appeal in error from the Circuit Court of Hamilton County. FLOYD ESTILL, J.

O. T. PEEPLES and GEO. W. CHAMBLEE for Blalock.

Attorney-general PICKLE for State.

WILKES, J. The defendants are convicted of keeping a place of business open on Sunday, where liquors were illegally sold, and are sentenced to sixty days' imprisonment and a fine of $50 each, and have appealed.

The first question presented is, whether the bill of exceptions can properly be considered a part of the record. The order of the Court granting the appeal contains the following: "The defendants are allowed until February 7, 1901, to present and file their bill of exceptions."

The bill of exceptions was filed on the 7th of February, 1901.

Our statute, Shannon, Sec. 60, provides: "The time within which any act provided by law is to

be done shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it shall also be excluded.

This section, however, does not embrace the language of the present order unless it may be held to do so by analogy. The authorities are quite conflicting as to whether the use of · the words "until" or "to" embrace the day of the date mentioned as the limit. The following authorities and cases hold that "until" or "to" a certain day, includes the day named, and the act is done in time if upon or during the day named. *Rogers* v. *Railway Co.,* 70 Ga., 717; *Board* v. *Dart,* 67 Ga., 765; *Penn P. Co.* v. *Scheiern,* 12 Montana, 122; *Houghwont* v. *Boisanbin,* N. J., Eq., 318; *Kendall* v. *Kingsly,* 120 Mass., 94.

In *Thorne* v. *Dulaney et al.,* 6 Arkansas, 219, it was held that "When the Court gave the plaintiff until the 5th of July to tender a bill of exceptions, and it was presented, signed, sealed and ordered to be made part of the record on the 5th of July, it was within the time limited. .

In harmony with this holding may be cited 69 U. S., 2 Wall, 177, 190; 43 Conn., 56; 16 Maine, 181; 73 Penn., 137; 23 Mich., 1; 19 Mo., 60; 9 B. Mon. Ky., 192.

We are of opinion this is the better construction, although quite a number of cases exclude the day named, and hold that the time expired

on the previous day. There is an intimation to this effect in the cases of *Chester* v. *Hubbard,* 2 Hum., 353, and in *Copeland* v. *Woods,* 2 Hum., 334. The Court, however, did not expressly decide the question, but reserved it.

We think the construction we have given is better supported by reason and authority, and by the uniform understanding and practice of the profession. In *Rogers* v. *Railway Co.,* 70 Ga., 717, it was held that when an order allowed until a certain day to prepare and file a motion, and approved brief of evidence, the word "until" would include the day named, and if action was taken on that day, it would be in time.

Quite a number of errors are assigned on the merits. We need not notice them all. Among other things, the Court charged, "what is meant by keeping open on Sunday is not that the door shall be open, but it means if *you* let any one in there. It does not make any difference whether they go to get something to eat or drink or what their purpose is in getting in there; that is keeping open on Sunday within the meaning of the statutes, etc."

This we think is error. It appears that in the present case there was a restaurant connected with the saloon, and separated from it by a partition, and a door opened from one into the other, which on this occasion was locked. None of the parties who were found in the building

were in the saloon except the bartender, and he was lying on the counter under an electric fan, it being a hot day in July.

The language used by the trial Judge is quite indefinite. He says keeping open "means if *you* let any one in there." We might presume that he meant by *"you"* the proprietor, but even then the language is too broad under the facts of the case, as the jury might infer that if the men who were found in the restaurant and wine room adjoining it, and separate from the saloon, went into the restaurant to get something to eat, the defendants, who are the proprietor, the barkeeper, and the restaurant keeper, would be liable. There is no proof that any one was in the saloon except the barkeeper. All the doors leading into it were locked, and he was not engaged in doing any business but lying on the counter. The word *"place,"* used by the trial Judge, would warrant the jury in believing that he referred to the entire building—that is, the restaurant as well as the saloon, as both were in the same building; and parts of the same *"place,"* though separated by a partition and locked door. But the language is too broad in any event, even if there were no restaurant attached, and would make the proprietor liable if he let any one into his saloon for any purpose, whether it be to extinguish a fire, or protect the contents from burglars, or from storms or other reasons that might be per-

fectly legitimate, and would exclude employees, and the family of the proprietor, as well as third persons.

Again, the trial Judge charged, referring to the proprietor, "and any other persons that are in the *place,* keeping it open for him, or for themselves, whatever their motives might be, if they are keeping it open for the reason of doing business or letting people in and out, then they are every one guilty."

This is error. Parties might go into the restaurant with the knowledge and assent of the proprietor, to get something to eat, and this would be allowable if it were partitioned off and closed from the saloon, as it was. Shannon, § 6784.

But it is also error in that it would make the proprietor liable, even though he may not have been present, and may have had no information that it was being kept open by others.

The judgment is reversed and cause remanded for a new trial.