## Myers *v.* Winona Interurban Railway Company.

[No. 8,209.    Filed April 19, 1912.]

1. TIME.—*Computation.—Exclusion of Sunday.—Time for Filing Briefs.*—The provisions of §1350 Burns 1908, §1280 R. S. 1881, for computing the time within which an act is to be done and providing that if the last day be Sunday, it shall be excluded. apply to the time for filing briefs.    p. 259.

2. TIME.—*Computation.—"To."—"Till."—"Until."*—When the word "to" is used as a conjunction, it is synonymous with "till" or "until," and where the time for doing a thing is "to" a certain day such day is not included.    p. 259.

3. APPEAL.—*Briefs.—Time for Filing.—Dismissal.*—Where appellant procured an extension of time for filing briefs to March 3, the filing of such briefs after March 2 was not in time, and authorized a dismissal of the appeal.    p. 260.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Edward A. Myers against The Winona Interurban Railway Company. From a judgment for defendant, the plaintiff appeals. *Dismissed.*

*Cox & Andrews, Mountz & Brinkerhoff,* for appellant.
*Loveland & Sollitt, Frazer & Frazer,* for appellee.

ADAMS, J.—A motion to dismiss this appeal has been filed by appellee, on the ground that appellant did not file his brief within the time fixed by the court. The record shows that this cause was submitted on December 14, 1911, and the sixty days allowed for filing appellant's brief expired February 11, 1912. On February 6, 1912, appellant filed his petition asking that he be given twenty days additional time for filing said brief. The petition was granted, and the court noted thereon "Time extended to March 3rd, 1912."

1. The brief was filed with the clerk of this court on March 4, 1912. March 3 was Sunday, and under the statute (§1350 Burns 1908, §1280 R. S. 1881) for computing time within which an act is to be done, it is provided that if the last day be Sunday it shall be excluded. This statute has been held to apply to the time for filing briefs. *Hogue* v. *McClintock* (1881), 76 Ind. 205.

But we do not think that the statute necessarily applies to the question presented by the motion before us.

2. It will be observed that the time for filing appellant's brief was extended "to" March 3.

In *Garden City* v. *Merchants, etc., Bank* (1899), 8 Kan. App. 785, 60 Pac. 823, it was held that where time was extended to March 22, the time given expires at midnight on March 21. The court said: "While it cannot be said that 'to' has any settled legal meaning, it is generally defined to be a word of exclusion, unless, by necessary implication, it must be held to be used in an inclusive sense. We think that in the connection in which it is used in the order, it has the same meaning as 'till' or 'until.' " 8 Words and Phrases 6985.

In *People, ex rel.,* v. *Robertson* (1862), 39 Barb. 9, it was held that a lease given to May 1 would expire on April 30, at 12 o'clock midnight.

When the word "to" is used as a conjunction, it is synonymous with "till" or "until." Century Dictionary.

Time until a day named does not include that day. *Eshel-*

*man* v. *Snyder* (1882), 82 Ind. 498; *Erb* v. *Moak* (1881), 78 Ind. 569.

In *DeHaven* v. *DeHaven* (1874), 46 Ind. 296, it was held that where time was given till the next term of court in which to file the bill of exceptions, the time given did not include the time during the next term nor any part of it. See, also, *Corbin* v. *Ketcham* (1882), 87 Ind. 138.

Where time has been given until a day named to file a bill of exceptions, the day named is not within the time fixed for the filing. *Hartman* v. *Riggenberg* (1889), 119 Ind. 72, 76, 21 N. E. 464.

"In the case of *Newby* v. *Rogers* [1872] 40 Ind. 9, it is held that where a party has from a certain day to a certain other day to perform the act, both such days are excluded." *Cheek* v. *Preston* (1905), 34 Ind. App. 343, 345, 72 N. E. 1048.

In this case the fact that March 3 was Sunday is not important, as it is clear, under our decisions, that March 3 was excluded in the order extending the time for filing appellant's brief. The last day on which the brief could have been filed, under the rules, was March 2, and the filing two days later was not in time.

Appeal dismissed.

Note.—Reported in 98 N. E. 131. See, also, under (1) 38 Cyc. 330; (2) 38 Cyc. 317, 356; (3) 2 Cyc. 1020. As to the meaning of "to" in the computation of time, see 2 Ann. Cas. 518. As to the definitions of "until," "within," "before," "to," and "forthwith," respectively, see 78 Am. St. 386.