JEREMY FUEL & GRAIN CO. v. DENVER & R. G. R. CO.

No. 3672.  Decided December 29, 1921.  (203 Pac. 863.)

1. APPEAL AND ERROR—MOTION TO STRIKE BILL OF EXCEPTIONS GEN-ERALLY CONSIDERED WITH SUBMISSION ON MERITS. As a general rule, a motion to strike the bill of exceptions will be considered on the submission of the case on its merits, but for special reasons in particular cases the court may proceed otherwise and consider the motion first.

2. EXCEPTIONS, BILL OF—MUST SHOW THAT ORDERS EXTENDING TIME FOR FILING WERE TIMELY MADE. It is just as essential that the bill of exceptions should show that the orders extending the time for serving it were timely made as it is to show that they were made at all.[1]

3. EXCEPTIONS, BILL OF—ORDERS EXTENDING TIME MAY BE SHOWN BY STATING SUBSTANCE. In view of Comp. Laws 1917, § 6967, providing that documents on file in an action may be copied in the bill of exceptions or the substance thereof stated, a bill of exceptions stating the substance of orders extending time for serving the bill is sufficient, though the better practice is to copy such orders in full.[2]

4. EXCEPTIONS, BILL OF—HELD FILED IN TIME IF ORDERS OF EX-TENSION WERE PROPER. Where the bill of exceptions stated that orders were made extending the time for serving it from time to time, and that it was served before the expiration of the time as last extended and its correctness was stipulated, the bill was shown to have been served in time, if the various orders extending time were timely made.[3]

5. EXCEPTIONS, BILL OF—TIME FOR FILING MAY BE EXTENDED BE-

[1] *Hutchinson* v. *Smart*, 51 Utah, 172, 169 Pac. 166.

[2] *Hutchinson* v. *Smart*, 51 Utah, 172, 169 Pac. 166; *Ukon Water Co.* v. *Rooker*, 56 Utah, 294, 190 Pac. 778; *Bills* v. *Salt Lake City*, 37 Utah, 507, 109 Pac. 745; *Emelle* v. *Salt Lake City*, 54 Utah, 360, 181 Pac. 266; *Burbidge* v. *Utah L. & T. Co.*, 57 Utah, 566, 196 Pac. 556.

[3] *Blackburn* v. *Baker*, 47 Utah, 219, 152 Pac. 1184; *Love* v. *St. Joseph, etc., Co.*, 51 Utah, 305, 169 Pac. 951.

FORE JUDGMENT. Under Comp. Laws 1917, § 6969, requiring the bill of exceptions to be prepared and served within 30 days after the entry of judgment, and authorizing an extension of such time by an order made before the expiration thereof, an order extending the time made after the verdict but before the entry of the judgment is valid.

6.  EXCEPTIONS, BILL OF—ORDER EXTENDING TIME ON DATE TO WHICH PREVIOUS EXTENSION WAS MADE IS IN TIME. Where an order had been previously made extending the time in which to serve the bill of exceptions to a stated date, a subsequent order granting a further extension made on the date so designated is in time; the word "to" not being construed as a term of exclusion.

7.  TIME—EXTENSION OF TIME FOR SERVING TO A SUNDAY PERMITS FURTHER EXTENSION TO BE MADE ON FOLLOWING MONDAY. Where the date to which the time for serving the bill of exceptions had been extended fell on a Sunday, a further order of extension made on the following Monday is valid, under Comp. Laws 1917, § 5843, providing the last day shall be included unless it is a holiday, and then it also is excluded, and section 5844, providing that when the day on which an act is to be performed falls on a holiday it may be performed on the next business day, which sections were adopted from the California Code and had there been construed as permitting the act to be done on Monday.

Appeal from District Court, Third District, Salt Lake County; *John F. Tobin*, Judge.

Action by the Jeremy Fuel & Grain Company against the Denver & Rio Grande Railroad Company. Judgment for the plaintiff, and defendant appeals. On respondent's motion to strike the bill of exceptions.

MOTION DENIED.

*Van Cott, Riter & Farnsworth*, of Salt Lake City, for appellant.

*Ball, Musser & Robertson*, of Salt Lake City, for appellees.

FRICK, J.

Respondent has filed a motion to strike the bill of exceptions upon various grounds. The grounds that are material here are (1) that the district court was without jurisdiction to allow and settle the bill of exceptions, for the reasons hereinafter stated, and (2) that it is not made to appear from the bill of exceptions that the district court allowed and settled it within the time authorized by our statute.

We desire to state at the outset that in this case we have departed from the general rule of procedure in this court. Usually, where a motion to strike a bill of exceptions or to dismiss an appeal is interposed, and where the question whether the motion should prevail or not is doubtful, the motion must be presented at the time the cause is set for hearing upon the merits, and the motion will be considered and determined with the merits. For the reason, however, that this case involves several questions of practice as to which it is important to both bench and bar that they be settled, and in order to save respondent the expense of preparing and filing its briefs upon the merits should the motion be decided in its favor, and, further, in view that we have been compelled to devote much time and labor to determine all the questions involved, it will result in the saving of time and further labor to dispose of the motion at this time rather than to wait until the case is heard and submitted upon the merits.

We desire to have it understood, however, that the procedure in this case is not to be taken as a precedent, and the general rule before stated will be adhered to and followed, unless for special reasons this court will proceed otherwise.

The facts upon which the motion rests, briefly stated, are: That the case was tried to a jury and a verdict in favor of plaintiff was returned on November 26, 1920. Judgment, however, was not entered on the verdict until December 7, 1920. No motion for a new trial was made by either party. On March 25, 1921, the defendant, appellant here, duly

served its proposed bill of exceptions upon the respondent, which was settled and allowed, according to the certificate of the judge who tried the case, on April 8, 1921.

Under our statute (Comp. Laws Utah 1917, § 6969), in a case like the one at bar, a party to an action who desires to have a bill of exceptions settled and allowed must prepare and serve the same upon his adversary "within 30 days after the entry of judgment." The judgment having been entered on December 7, 1920, and the bill of exceptions not having been served until March 25, 1921, the service as made was clearly not within the terms of the statute.

Under our statute the district court, or the judge, may, however, for good cause shown, grant an extension of time within which to serve, settle, and allow bills of exceptions, if such extensions are timely applied for and made.

In this case appellant resists the motion to strike upon the ground that it obtained proper and timely extensions of time within which to prepare, serve, and file its bill of exceptions, and that for that reason the motion should fail. Respondent, upon the other hand, insists (a) that under the settled practice of the court it must be made to appear from the bill of exceptions itself that it was settled within the statutory time or within valid extensions, and (b) that those facts do not affirmatively appear from the record in this case and hence the motion should prevail.

The original orders granting extensions of time, which appellant avers were made by the district judge, are not set forth in the bill of exceptions and are not made a part of the record in such manner as permits us to inspect or to consider those original orders. The record, however, affirmatively shows that orders or extensions of time to serve and file a bill of exceptions were made. That fact is, however, made to appear in the following manner only. In the bill of exceptions, and preceding the certificate of the judge allowing it, appears the following statement:

"The foregoing, with the exhibits which will be later attached and made a part hereof as below stated, contains all of the evidence adduced at the trial of this cause and correctly shows the

various proceedings therein. Before the expiration of the statutory period of 30 days from the rendition of the verdict to prepare and serve a bill of exceptions, the court duly entered an order extending the time to and including February 1, 1921. On January 31, 1921, the court again duly entered an order extending the time to and including March 1, 1921; and on March 1, 1921, the court again duly entered an order extending the time to March 20, 1921; and on March 21, 1921 (March 20, 1921, falling on Sunday), the court again duly entered an order extending the time to and including March 28, 1921."

That statement is followed by another one in these words:

"And now within the time allowed by law and the order of this court the defendant serves on the plaintiff the foregoing as its proposed bill of exceptions in this cause."

These statements are followed by the certificate of the trial judge, which we here insert in full:

"The foregoing bill of exceptions, together with the exhibits and the various affidavits therein mentioned and hereto attached, and made a part hereof, contains all of the evidence adduced on the trial of this cause and correctly shows the various proceedings during the trial as well as subsequent thereto. The same being true and correct, it is accordingly settled and allowed as a true bill of exceptions in this cause."

The respondent vigorously contends that, although all parties are bound by the foregoing statements as being correct, yet the same are insufficient to show that the district judge had jurisdiction to settle and allow the bill of exceptions, for the reason that it does not appear therefrom that it was served, settled, and allowed within the statutory time or within legal extensions of such time.

In support of this contention respondent insists (1) that the statements in the bill of exceptions relating to the orders of the judge extending the time are inherently insufficient to show that proper and timely extensions were made, and (2) that the facts cannot be made to appear in that way, since the orders as made must themselves be made a part of the bill of exceptions. Counsel for respondent, in support of their contention, cite and rely upon a statement contained in the case of *Hutchinson* v. *Smart,* 51 Utah, 172, 169 Pac. 166. In that case a motion to strike the bill of exceptions was in-

terposed upon the same grounds that are urged in the case
at bar. It was there contended, as it is here, that, although
the orders extending time were not made a part of the bill
of exceptions, it was, nevertheless, sufficiently made to ap-
pear from the judge's certificate that the time for serving
the bill of exceptions had been properly extended. The
writer who wrote the opinion in that case, in the course of the
opinion, said:

"It is, however, contended that it is sufficient if it appear
from the judge's certificate attached to the bill of exceptions that
the time for serving and settling the bill had been extended. If
that were conceded, yet there is nothing in the judge's certificate
indicating that such orders had been timely made. In that con-
nection it is only just to state, however, that the better practice
is to attach the orders themselves to the proposed bill so that the
adverse party may be advised when and by whom the orders, if
any, were made. An order granted out of time is just as fatal to
the jurisdiction of the court or judge as though no order were
made at all."

A mere cursory reading of the statement contained in that
opinion clearly shows that it was not intended by what is
there said to lay down a hard and fast rule that the fact that
timely and proper orders extending the time within which to
prepare, serve, and file a bill of exceptions can only be shown
or made evident by producing and making the original orders
an integral part of the bill of exceptions. As there stated,
although it had been conceded that the judge's certifi-
cate showed that certain orders extending time were          2
made, yet nothing was made to appear that such orders
were timely made. It is just as essential to show that such
orders were made timely as it is to show that they were made
at all. The essential fact was there not made to appear, and
hence what is there said is not decisive of this case.

We desire to add here that, if appellant in this case had
heeded what is there said would be the "better practice," it
would not only have saved itself much expense but it would
have relieved this court of much unnecessary labor. This
case therefore merely emphasizes the soundness of the sug-
gestion there made. Nor is there anything to the contrary

in the case of *Ukon Water Co.* v. *Rooker,* 56 Utah, 294, 190 Pac. 778.

It does not follow, however, that because it would be the better and safer practice to attach to bills of exceptions the original orders extending time and make them a part thereof that is the only way in which the facts in that regard may be made evident to this court. Indeed, our statute (Comp. Laws Utah 1917, § 6967), which relates to the taking of exceptions for the purpose of incorporating them into bills of exceptions, after providing that no "particular form of exception is required," provides:

"Documents on file in the action or proceeding may be copied, *or the substance thereof stated, or a reference thereto sufficient to identify them may be made.*" (Italics ours.)

That statute is as binding upon us as it is upon the respective parties to actions or proceedings, and hence we cannot, if we should desire to do so, prevent the parties from presenting the facts in the statutory form, so long as the necessary jurisdictional facts are made to appear.

That the substance of the evidence, or of the facts, may be stated in bills of exceptions and certified to this court without copying the evidence at length is no longer an open question in this jurisdiction. *Bills* v. *Salt Lake City,* 37 Utah, 507, 109 Pac. 745, *Emelle* v. *Salt Lake City,* 54 Utah, 360, 181 Pac. 266, and *Burbidge* v. *Utah L. & T. Co.,* 57 Utah, 566, 196 Pac. 556. Indeed, in certain circumstances it would often avoid much unnecessary labor and greatly reduce the expense of an appeal if only the substance of the evidence or the facts relating to the question involved on the appeal were certified to this court.

Recurring now to the statements contained in the bill of exceptions regarding the orders granting the extensions of time, the following facts are clearly made to appear: (a) That before the expiration of 30 days from the "rendition of the verdict" the court duly entered an order extending the time within which to prepare and serve a bill of exceptions to and including February 1, 1921; (b) that on January 31, 1921, a further order extending the time to and

including March 1, 1921, was made; (c) that on March 1, 1921, the court duly entered an order extending the time "to March 20, 1921"; (d) that on March 21, 1921 (March 20 falling on a Sunday), the court made a final order extending the time to and including March 28, 1921. As we have seen, the bill of exceptions was served and service thereof admitted on March 25, 1921, and was finally settled and allowed on April 8th following. If, therefore, all of the orders extending time were timely made, the bill was allowed and signed by the district judge within proper time. *Blackburn* v. *Baker,* 47 Utah, 219, 152 Pac. 1184. Further, the correctness of the bill of exceptions having been stipulated, it was properly signed on the date aforesaid. *Love* v. *St. Joseph, etc., Co.,* 51 Utah, 305, 169 Pac. 951.

Respondent, however, insists that, in view that the statute requires that the bill of exceptions must be prepared and served "within 30 days after entry of the judgment," the statement relied on by appellant on its face shows that the first order extending the time was made within 30 days from the rendition of the verdict and not from the entry of judgment. As to that, it is sufficient to say that if the order was made within 30 days from the rendition of the verdict, as stated, then it was necessarily made within 30 days from the entry of judgment, since the judgment could not have been entered until after the verdict had been rendered. Moreover, the record shows that the judgment was in fact entered on December 7, 1920; hence appellant had 30 days from that time, or until January 6, 1921, in which to obtain an order extending the time to prepare and serve his proposed bill of exceptions. The language of the statement is "before the expiration of the statutory period of 30 days" had elapsed the first order was made extending the time to February 1, 1921. That order was therefore made in ample time, and, in view of the language used, may have been made after the judgment was actually entered. Assuming, however, that the first order extending the time was in fact made before the entry of judgment, that, under our statute, would not necessarily make it void. The statute merely provides within

what time after the entry of judgment a party to an action must propose and serve his proposed bill of exceptions. There is nothing in the statute prohibiting a party from having his bill of exceptions prepared just as soon as the trial is concluded, and if the adversary party agrees to its correctness and waives the time within which to suggest amendments, the judge may certify to the bill at that time. Nor is there any reason whatever why, for good cause shown, a court or judge may not grant a party or his attorney time in addition to the statutory time within which to prepare and serve his proposed bill of exceptions, regardless of whether a judgment has actually been entered in the case or not. It may be that where a motion for a new trial were interposed after such order were granted the extension would be of no effect unless the motion were immediately overruled.

This brings us to the crucial question presented by this motion.

It will be observed from the statements we have hereinbefore quoted that on March 1, 1921, an order was duly made extending the time "to March 20, 1921." The statement also shows that March 20, 1921, fell on Sunday; hence a further order extending time was made until March 21, 1921. The respondent therefore very vigorously contends that the time within which a further order extending time could have been made expired at midnight of March 19, 1921. In other words, that the preposition "to" implies exclusion and not inclusion, and hence the judge was without authority to extend the time on Monday, March 21, 1921. Counsel cite and rely upon the following, among other cases: *Croco* v. *Hille*, 66 Kan. 512, 72 Pac. 208; *State* v. *Burton*, 70 Kan. 199, 78 Pac. 413; *Maynes* v. *Gray*, 69 Kan. 49, 76 Pac. 443, 105 Am. St. Rep. 146, 2 Ann. Cas. 518; *Myers* v. *Winona*, *etc.*, *R. R. Co.*, 50 Ind. App. 258, 98 N. E. 131; *Corbin* v. *Ketcham*, 87 Ind. 138; and *Richardson* v. *State*, 142 Ala. 12, 39 South. 12. There are several other Kansas cases, and also Alabama cases, which follow the rule laid down in the cited Kansas cases. In addition to the foregoing there are

a few other cases cited by counsel, but they have no special significance and can be given no controlling influence in this case. In five of the foregoing cases time was given to serve and file either bills of exceptions or statements of facts "to" or "until" a particular date named, as in the case at bar, and it was held that the prepositions "to" and "until" must be construed as terms of exclusion, and hence the time within which the bills of exceptions could be served expired at midnight on the day preceding the date named in the order extending time. It is, however, also held that no hard and fast rule can be laid down which shall govern in all cases, but that the meaning that is to be given to the terms "to" and "until" depends largely upon the intention of the parties or of the Legislature, as the case may be, which must be determined from all that is said and from the facts and circumstances. Counsel have also cited *I. X. L. Furniture Stores* v. *Berets,* 32 Utah, 454, 91 Pac. 279, as sustaining their contention. An examination of that case, however, clearly shows that the decision in no way can control the question that is involved here. There are, however, two other Kansas cases, namely, *State* v. *Bradbury,* 67 Kan. 808, 74 Pac. 231, and *State* v. *Dyck,* 68 Kan. 558, 75 Pac. 488, where it is held that where time is given to serve a bill of exceptions "to" a date named a bill served on that day is served in time. In other words, that the term "to" is not to be construed as a term of exclusion. The Kansas cases are therefore not in thorough harmony to say the least.

There are, however, numerous cases which hold to a contrary doctrine. Counsel for appellant cite and rely upon the following: *Newport News, etc., Co.* v. *Thomas,* 96 Ky. 613, 29 S. W. 437; *St. L. & S. F. Ry. Co.* v. *Gracy,* 126 Mo. 472, 29 S. W. 579; *State* v. *Flutcher,* 166 Mo. 582, 66 S. W. 429; *Blalock* v. *State,* 108 Tenn. 185, 65 S. W. 398; *St. Louis Commission Co.* v. *Calloway,* 5 Okl. 393, 47 Pac. 1088; *First, etc., Bank* v. *Bloodworth,* 174 Pac. 545; *Gottlieb* v. *Fred W. Wolf Co.,* 75 Md. 126, 23 Atl. 198; *Thorn* v. *Delany,* 6 Ark. 219; *Henderson* v. *Edwards* (Iowa) 183 N. W. 583, not yet [officially] reported; *Conway* v. *Smith Mercantile Co.,* 6

Wyo. 327, 44 Pac. 940, 49 L. R. A. 201; *State ex rel. Bickford* v. *Benson,* 21 Wash. 365, 58 Pac. 217; *Crafts* v. *Carr,* 24 R. I. 397, 53 Atl. 275, 60 L. R. A. 128, 96 Am. St. Rep. 721; *Penn Placer Min. Co.* v. *Schreiner,* 14 Mont. 121, 35 Pac. 878; *Sugarman* v. *Jacobs,* 160 App. Div. 411, 145 N. Y. Supp. 429.

In *Newport News, etc., Co.* v. *Thomas,* supra, it is held:

"When time is given until a day certain to file a bill [of exceptions], if it is filed on or before that day it is in time."

In *St. L. & S. F. Ry. Co.* v. *Gracy,* supra, it is said:

"Where an order allows 'until' a certain date for filing a bill of exceptions an extension of time may be made on that date."

In *St. Louis Commission Co.* v. *Calloway,* supra, it is held that—

Where time was given "to the 6th day of May, * * * to make and serve a case-made" a service was in time if made on the 6th day of May.

In *Gottlieb* v. *Fred W. Wolf Co.,* supra, it is held that, where time was given to serve a bill of exceptions to a day named, the day named was included and the bill could legally be served on that day.

In *Thorn* v. *Delaney,* supra, it is held that, where time was given "until the 5th day of July" to "tender" a bill of exceptions, it could legally be tendered on the 5th of July.

We cannot pause here to review or to quote from the remaining cases cited above. We can state, however, that they all fully sustain the doctrine laid down by the cases we have quoted from.

We feel constrained, therefore, to hold that, quite apart from the inherent merits of appellant's position, the great, indeed, the overwhelming, weight of authority is against respondent's position and fully supports appellant's contention that where a day certain is named "to" or "until" which the time is extended to serve a bill of exceptions the day to which the time is extended is included, and a further extension of time or the service of the bill on the day named is within time.

Respondent, however, further contends that in view that

the 20th of March fell on a Sunday, under our statute regulating the computation of time the 19th was the last day upon which a valid extension of time could be made. Comp. Laws Utah 1917, § 5843, relating to the computation of time, reads as follows:

"The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it is also excluded."

Section 5844, so far as material here, provides:

"Whenever any act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed."

Both of the foregoing sections are taken from the Code of Civil Procedure of California. In the case of *Connell* v. *Higgins,* 170 Cal. 541, 150 Pac. 769, the decision is correctly reflected in the second headnote, which reads:

"An extension of time by stipulation of the parties to propose a statement on motion for a new trial to a legal holiday, operates to extend the time to 'and including the next day; and an order of the court made on the latter day extending the time further for thirty days is within time, and is effective to extend the time to the latter date."

In *Frassi* v. *McDonald,* 122 Cal. 400, 55 Pac. 139, 772, it is held that, where the time to serve a bill was extended and the last day to which the extension was made fell on Sunday, an order granting a further extension on the Monday following was in time and valid.

In *Timmons* v. *Coonley,* 39 Cal. App. 35, 179 Pac. 429, it was held that, where the defendant was given "three days in which to serve and file her answer" and the last day fell on Sunday, she had all of the following Monday in which to file her answer.

To the same effect are *Crane* v. *Crane,* 121 Cal. 99, 53 Pac. 433; *Blackwood* v. *Cutting,* 71 Cal. 461, 12 Pac. 493; *Sugerman* v. *Jacobs,* 160 App. Div. 411, 145 N. Y. Supp. 429.

In principle no distinction is possible between the cases cited from California which are based upon a statute

precisely like ours and the case at bar. While there 7
are some sporadic cases to the contrary, yet it will be
found that those cases are based upon statutes somewhat dif-
ferent from ours and upon which the California cases are
based. Respondent's contention therefore cannot prevail.

It is also important to keep in mind just what the district
judge certified to in the final certificate attached to the bill
of exception. It will be observed that he not only certifies
that the proceedings during the trial are correctly stated,
but that the proceedings ''subsequent thereto'' are also cor-
rectly shown in the bill of exceptions. The certificate is quite
comprehensive, and the only conclusion permissible is that
the bill was served, settled, and allowed in time. *Hogan* v.
*Peterson,* 8 Wyo. 549, 59 Pac. 162.

In conclusion we feel constrained to say that we have had
less difficulty in arriving at the foregoing conclusion for the
reason that in court procedure it is generally assumed that
where time is given to a day named to file or serve papers or
documents the day named is included, and service made upon
that day is timely made. Further, as was said by the Su-
preme Court of Washington in *State ex rel. Bickford* v. *Ben-
son,* 21 Wash. 365, 58 Pac. 217, where, after stating reasons
why the day to which time is extended should not be ex-
cluded, the court said:

"Aside from this, the objection is highly technical; too much
so, in fact, upon which to deny so substantial a right as the right
to an appeal."

We fully concur in that statement. The right of appeal
is an important right, and while the statutory provisions re-
lating thereto should be substantially complied with, yet
those provisions should receive a fair and reasonable con-
struction and application and such as will preserve, rather
than deny, the right.

We also desire to say that the briefs and oral arguments
of counsel on both sides have been very illuminative and help-
ful to us.

For the reasons stated, the motion to strike the bill of ex-
ceptions should be, and it accordingly is, denied. It is fur-

ther ordered that the taxing of costs is to await the final decision upon merits.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.