HENRY A. KENDALL *vs.* GARDNER P. KINGSLEY & trustees.

Suffolk.    March 15. — 17, 1876.    AMES & MORTON, JJ., absent.

Rents payable under an ordinary contract of lease, which requires no personal services on the part of the lessor, are not " earnings " within the meaning of the St. of 1865, *c.* 43, § 2, which declares an unrecorded assignment of future earnings invalid against a trustee process.

Although the word "until" is ordinarily exclusive of the day to which it relates, such construction yields to the manifest intention of parties to a contract.

An assignment, executed on August 31, of " all rents due and coming due to me until October 1 " from the tenant of a certain estate, who pays his rents on the first day of each month, includes the rents which fall due on October 1.

TRUSTEE PROCESS.    The case was submitted to the Superior Court, and, after judgment discharging the trustees, to this court, on appeal, on an agreed statement of facts in substance as follows :

F. L. Toppan & Co. were sub-lessees of the defendant of a store in Boston, No. 778 Washington Street, and were summoned as trustees in this action September 24 and October 1, 1874. The answer of the alleged trustees disclosed funds of the defendant in their hands to the amount of $225, being the monthly instalments of rent which became due from them to the defendant on September 1 and October 1, 1874.    The defendant has been defaulted.

The defendant, on August 31, 1874, made the following assignment in writing, signed by him, to the claimant, George Morrill: " I, Gardner P. Kingsley, in consideration of Geo. Morrill having signed a bond for me to dissolve an attachment, and

of other indebtedness to him, hereby assign and set over all rents due and coming due to me until Oct. 1, 1874, from my tenants in Hotel Decatur and store 778 Washington Street, Boston, as security."

Morrill, on the day of the assignment, signed a bond with Kingsley to dissolve an attachment in a suit brought against Kingsley. At that time the defendant owed Morrill $300, and afterwards Morrill became liable for and paid $110, by reason of, and upon the bond referred to in said assignment, and no part of the defendant's indebtedness to him has ever been paid. The assignment was made for a valuable consideration, but never was recorded in the office of the city clerk of Boston, where the defendant resided, and the plaintiff had no knowledge of its existence until a short time before the claimant filed his claim.

*C. T. Russell, Jr.*, for the plaintiff.

*G. Morrill, pro se.*

GRAY, C. J. The word " earnings," as used in the St. of 1865, *c.* 43, § 2, is not indeed limited to wages, but may include compensation for expenditures incurred or materials furnished, under one contract, together with work done or services rendered. *Jenks* v. *Dyer*, 102 Mass. 235. *Somers* v. *Keliher*, 115 Mass. 165. But it cannot, upon any construction, however liberal, include rents payable under an ordinary contract of lease, which requires no personal services on the part of the lessor. The assignment was not therefore invalidated by not being recorded.

It may be assumed, as argued for the plaintiff, that the preposition " until," like " from," or " between," generally excludes the day to which it relates. *Nichols* v. *Ramsel*, 2 Mod. 280. *Wicker* v. *Norris*, Cas. temp. Hardw. 116. *Bemis* v. *Leonard*, 118 Mass. 502. *Atkins* v. *Boylston Ins. Co.* 5 Met. 439. But such general rules of construction must yield to the intention of the parties, apparent upon the face of the whole instrument, as applied to the subject matter; and it is manifest that an assignment, executed on the 31st of August, of " all rents due and coming due to me until October 1, 1874," from the tenants of a certain estate, who pay their rents on the first day of each month, is not intended to be limited to the rents falling due on the 1st of September, but includes those which fall due on the 1st

of October.   *Anon.* 3 Leon. 211.   *Rex* v. *Syderstone*, Cald. 19.
*The King* v. *Stevens*, 5 East, 244, 256, 257.   *Isaacs* v. *Royal
Ins. Co.* L. R. 5 Ex. 296.                    *Trustees discharged.*