ARTHUR G. YATES, Respondent, *v.* JAMES G. GUTHRIE, Appellant.

Upon a motion to vacate a judgment entered as by default, in an action commenced by the service of summons and complaint on March sixth, it appeared that an answer setting up a defense, was mailed at C., where defendant's attorney resided, to plaintiff's attorney at R., where he resided, on the evening of March twenty-sixth. Judgment was entered by default March twenty-seventh. Defendant showed merits. The court denied the motion, but allowed the defendant to come in and defend, the judgment to stand as security. *Held*, error, that the entry of judgment was premature, and defendant's right to have it set aside could not be clogged with the condition that it should stand as security.

(Submitted January 27, 1890 ; decided February 25, 1890.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 1, 1889, which affirmed an order of Special Term denying a motion to vacate the judgment.

This was a motion to vacate a judgment taken against defendant by default for want of appearance or answer.

The material facts are stated in the opinion.

*William J. Byam* for appellant. There is, legally, no issue, or doubt as to the time when defendant's answer was served; and under all the circumstances of this case, the Court at General Term erred in holding that "the affidavits of the defendant and his attorney cannot be deemed to be conclusive upon this matter." (*Annis* v. *Upton*, 66 Barb. 370.) "The rule is unquestioned that the party addressed takes the hazards of the mail, and that if an answer is actually deposited in the post-office within the time limited by the statute, the service is sufficient." Plaintiff cannot, without leave of court, disregard an answer duly served in time; nor can he be allowed to secure a preference over other creditors by refusing to set aside a judgment entered in disregard of an answer duly and seasonably served. A regular pleading, duly and seasonably served, cannot be treated as a nullity, because frivolous or insufficient. (*Bergman* v. *Howell*, 3 Abb. Pr. 329; *Hartness* v. *Bennett*, 3 How. Pr. 289; *Strout* v. *Curran*, 7 id. 36; *Levi* v. *Jakeways*, 4 id. 126; *Wilkes* v. *Ferris*, 5 Johns. 335; *Jacobs* v. *Remsen*, 36 N. Y. 668.) The order is appealable. (*White* v. *Coulter*, 59 N. Y. 629; *Fredricks* v. *Taylor*, 52 id. 596; *Foote* v. *Lathrop*, 41 id. 358.) The court erred in ordering the action referred to a referee to hear and determine the same. (*Swift* v. *Wells*, 2 How. Pr. 79.)

*Putnam & Slocum* for respondent. The only question in the case was the simple one of fact, as to whether the answer was served on the 26th day of March, 1889, or upon some later day. (Code Civ. Pro. § 1337.) The court at Special Term made a proper disposition of the motion. (*Elwood*

Opinion of the Court, per ANDREWS, J.

v. *W. U. T. Co.*, 45 N. Y. 549, 553 ; *Kavanagh* v. *Wilson,* 70 id. 177, 179 ; *Koehler* v. *Adler*, 78 id. 287, 292 ; *Wohlfahrt* v. *Beckert*, 92 id. 490 ; *Lesser* v. *Wunder*, 9 Daly, 70, 73 ; *Pease* v. *Barnett*, 27 Hun, 378 ; *Van Buren* v. *Cockburn*, 14 Barb. 118 ; *Newton* v. *Pope*, 1 Cow. 110 ; *Lomer* v. *Meeker*, 25 N. Y. 361.)

ANDREWS, J.   This action was commenced by the service of summons and complaint March 6, 1889.   The fact that the answer was mailed at Caledonia, where defendant's attorney resided, on the evening of March 26, 1889, to plaintiff's attorney at Rochester, where he resided, is established by the positive affidavits of the defendant and his attorney, and is corroborated by the postmark on the envelope which enclosed it.   The letter was received at the Rochester post-office on the twenty-seventh, but after eleven o'clock on the morning of that day.   The affidavit of the assistant postmaster at Rochester states that a letter mailed at Caledonia on the twenty-sixth in ordinary course should have reached Rochester at the latest by the morning mail.   But this does not contradict the positive testimony that the letter was put in the mail on the twenty-sixth. At most, it affords ground for a conjecture that it may have been mailed after the twenty-sixth.   But it is more consistent with probabilities that some delay occurred in forwarding the letter from Caledonia after its deposit, especially as the letter is stamped as received there on the twenty-sixth. .

The entry of judgment on the twenty-seventh was, therefore, premature, and the right of the defendant to have the judgment set aside could not be clogged with the condition that it should stand as security, the answer setting up a defense and merits being shown.

The orders of the Special and General Terms should be reversed and the motion to set aside judgment granted.

All concur.

Orders reversed and motion granted.