PEOPLE ex rel. CORNELL STEAMBOAT CO. v. HORNBECK et al.

.(Supreme Court, Special Term, Greene County.   November, 1899.)

TAXATION—ASSESSMENT ROLL—EXAMINATION.
    Tax Law, § 35, provides that a copy of the assessment roll shall be left
with one of the assessors at a specified place, where it may be seen and
examined by any person "until the third Tuesday of August."   *Held* not
to include the third Tuesday of August.

Motion for writ of certiorari by the people, on the relation of
the Cornell Steamboat Company, against Emzey Hornbeck and oth-
ers, as assessors of the town of Rochester, Ulster county, N. Y.   De-
nied.

The assessors of the town of Rochester, Ulster county, N. Y., made an assess-
ment for the year 1899 against the relator, the Cornell Steamboat Company,
of $75,000.   The assessors met to review the assessments on the third Tues-
day of August, pursuant to notice.   The relator appeared before them, and
made application for a reduction of the assessment.   The assessors reduced
the assessment to the sum of $25,000.   They completed their roll on the third
Tuesday of August, and on that day verified it, and filed it with the town clerk
of said town of Rochester, and posted notices stating that the roll had been
finally completed and that it had been filed.   After more than 15 days had
elapsed from the filing of said roll and posting of said notices, this motion was
made by the relator for a writ of certiorari to review said assessment of $25,-
000.   The relator claims that the 15 days within which a petition must be pre-
sented to obtain a writ of certiorari to review such assessment had not com-
menced to run, for the reason that the roll could not be legally filed and the
notices could not be legally posted until the Wednesday following the third
Tuesday of August.

Amos Van Etten, for relator.
Brinnier & Searing, for respondents.

CHASE, J.   Section 35 of the tax law provides:
"The assessors shall complete the assessment-roll on or before the first day
of August, and make out one copy thereof, to be left with one of their number,
and forthwith cause a notice to be conspicuously posted in three or more pub-
lic places in the tax district, stating that they have completed the assessment-
roll and that a copy thereof has been left with one of their number at a speci-
fied place, where it may be seen and examined by any person until the third
Tuesday of August next following, and that on that day they will meet at a
time and place specified in the notice to review their assessments.   In any
city the notice shall conform to the requirements of the law regulating the
time, place and manner of revising assessments in such city.   During the
time specified in the notice the assessor with whom the roll is left shall submit
it to the inspection of every person applying for that purpose."

It is claimed by the relator that the words "until the third Tuesday
of August," as used in this statute, include all of the third Tuesday
of August; and it is contended that the work of the board of as-
sessors in completing the assessment roll must extend to a time be-
yond the time allowed by the statute for seeing and examining the
roll, and consequently beyond the third Tuesday of August, and that
the roll could not be legally completed, verified, filed, and notices
published before Wednesday following such third Tuesday.   It may
be assumed that the preposition "until," like "from" or "between,"
generally excludes the day to which it relates.   Kendall v. Kingsley,
120 Mass. 94;   Webster v. French, 12 Ill. 302.   See People v. Neff,

15 App. Div., at page 12, 44 N. Y. Supp. 49. In contracts and like documents, "until" is construed as exclusive of the day mentioned, unless it was the manifest intent of the parties to include it. Webst. Dict. "The use of the word 'until' generally implies an intention to exclude the day to which it refers, unless a contrary intention appears from the context of the statute or instrument in which the word is used." 26 Am. & Eng. Enc. Law, p. 9. The word "until" is exclusive in its meaning. A charter to continue until the 1st day of January expires on the 31st day of December. People v. Walker, 17 N. Y. 502. There is nothing in the statute under consideration in this case indicating that the word "until" is intended to include, rather than exclude, the third Tuesday of August. The statute provides that a copy of the assessment roll is to be left with one of the assessors at a specified place, where it may be seen and examined by any person until the third Tuesday of August. On the third Tuesday of August the assessors, including the assessor with whom the copy roll is left for examination, are required to meet at a time and place specified in the notice to review their assessments. There is nothing in the statute requiring the place where the assessors are to meet to review their assessment to be the same place where the copy of the assessment roll is to be left for examination, and, as a matter of practice, the meeting of the assessors on the third Tuesday of August is seldom at the same place where the copy of the assessment roll has been left for examination. If it is intended by the statute to include the third Tuesday of August, we have a section of the statute requiring the copy assessment roll to be with one of the assessors at one place, where he must submit it to every person applying to inspect it, and a further provision of the same section requiring such assessor to be at another place, there performing other prescribed duties as an assessor. The period prior to the third Tuesday of August is prescribed for one purpose, while the third Tuesday of August is prescribed for another purpose. The word "until," as used in this statute, should have its usual meaning, and does not include the day to which it refers. The assessors are required to meet on the third Tuesday of August, at a time and place specified, to review their assessments. After they have heard and determined all complaints in relation to the assessments, and the assessment roll is actually completed, I see no reason why they should not verify and file the assessment roll, and post the notices as required by the tax law. If the assessment roll is actually completed on Tuesday, a further meeting on Wednesday would seem to be unnecessary and not within the contemplation of the statute.

The motion for a writ of certiorari is denied, with $10 costs.