212 PEOPLE ex rel. CORN'L. STMBT. CO. v. HORNBECK.

Supreme Court, January, 1900.                    [Vol. 30.

The People ex rel. The Cornell Steamboat Co. v. Emzey Hornbeck et al., as Assessors of the Town of Rochester, Ulster County, New York.

(Supreme Court, Greene Special Term, January, 1900.)

Tax Law — When town assessors may file their roll — Construction of " until ".

> The rule, that the preposition " until " usually excludes the day to which it refers, is applicable to that section (35) of the Tax Law which requires town assessors, after completing their assessment-roll, to post notices to the effect that a copy of the roll has been left with one of their members at a specified place, where it may be seen and examined by any person " until the third Tuesday of August next following ", and that, on that day, they will review their assessments; and consequently, on that Tuesday, the assessors may legally complete, verify and file their assessment-roll, and are not obliged to wait until Wednesday to do so.

THE assessors of the town of Rochester, Ulster county, N. Y., made an assessment for the year 1899 against the relator, the Cornell Steamboat Company of $75,000. The assessors met to review the assessments on the third Tuesday of August, pursuant to notice. The relator appeared before them and made application for a reduction of the assessment. The assessors reduced the assessment to the sum of $25,000. They completed their roll on the third Tuesday of August, and on that day verified it and filed it with the town clerk of said town of Rochester and posted notices stating that the roll had been finally completed and that it had been filed. After more than fifteen days had elapsed from the filing of said roll and posting of said notices, this motion was made by the relator for a writ of certiorari to review said assessment of $25,000. The relator claims that the fifteen days within which a petition must be presented to obtain a writ of certiorari to review such assessment has not commenced to run for the reason that the roll could not be legally filed and the notices could not be legally posted until the Wednesday following the third Tuesday of August.

Amos Van Etten, for relator.

Brinnier & Searing, for assessors.

CHASE, J.    Section 35 of the Tax Law provides: "The assessors shall complete the assessment-roll on or before the first day of August, and make out one copy thereof, to be left with one of their number, and forthwith cause a notice to be conspicuously posted in three or more public places in the tax district, stating that they have completed the assessment roll, and that a copy thereof has been left with one of their number at a specified place, where it may be seen and examined by any person until the third Tuesday of August next following, and that on that day they will meet at a time and place specified in the notice to review their assessments.    In any city the notice shall conform to the requirements of the law regulating the time, place and manner of revising assessments in such city.    During the time specified in the notice the assessor with whom the roll is left shall submit it to the inspection of every person applying for that purpose."

It is claimed by the relator that the words "until the third Tuesday of August", as used in this statute, includes all of the third Tuesday of August, and it is contended that the work of the board of assessors in completing the assessment-roll must extend to a time beyond the time allowed by the statute for seeing, and examining the roll, and consequently beyond the third Tuesday of August, and that the roll could not be legally completed, verified, filed, and notices published before Wednesday following such third Tuesday.    It may be assumed that the preposition "until", like "from", or "between" generally excludes the day to which it relates.    Kendall v. Kingsley, 120 Mass. 94; Webster v. French, 12 Ill. 301; see People ex rel. N. Y. & N. J. Tel. Co. v. Neff, 15 App. Div. 12.

In contracts and like documents, *until* is construed as exclusive of the day mentioned, unless it was the manifest intent of the parties to include it.    Webster's International Dictionary.

The use of the word "until" generally implies an intention to exclude the day to which it refers unless a contrary intention appears from the context of the statute or instrument in which the word is used.    26 Am. & Eng. Ency. of Law, 9.

The word "until" is exclusive in its meaning.    A charter to

continue until the first day of January expires on the thirty-first day of December. People v. Walker, 17 N. Y. 502.

There is nothing in the statute under consideration in this case indicating that the word "until" is intended to include rather than exclude the third Tuesday of August. The statute provides that a copy of the assessment-roll is to be left with one of the assessors at a specified place where it may be seen and examined by any person until the third Tuesday of August. On the third Tuesday of August the assessors, including the assessor with whom the copy roll is left for examination, are required to meet at a time and place specified in the notice to review their assessments. There is nothing in the statute requiring the place where the assessors are to meet to review their assessment to be the same place where the copy of the assessment-roll is to be left for examination, and as a matter of practice the meeting of the assessors on the third Tuesday of August is seldom at the same place where the copy of the assessment-roll has been left for examination. ·

If it is intended by the statute to include the third Tuesday of August we have a section of the statute requiring the copy assessment-roll to be with one of the assessors at one place where he must submit it to every person applying to inspect it and a further provision of the same section requiring such assessor to be at another place there performing other prescribed duties as an assessor. The period prior to the third Tuesday of August is prescribed for one purpose while the third Tuesday of August is prescribed for another purpose. The word "until" as used in this statute should have its usual meaning and does not include the day to which it refers.

The assessors are required to meet on the third Tuesday of August at a *time and place* specified to review their assessments. After they have heard and determined all complaints in relation to the assessments and the assessment-roll is actually completed I see no reason why they should not verify and file the assessment-roll, and post the notices as required by the Tax Law. If the assessment-roll is actually completed on Tuesday a further meeting on Wednesday would seem to be unnecessary and not within the contemplation of the statute. The motion for a writ of certiorari is denied, with ten dollars costs.

Motion denied, with ten dollars costs.