### AUTO LIGHTER CO. v. WICKES, HUGHES & CO.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. JUGMENT—DEFAULT—PREMATURE ENTRY.

Summons and complaint were served January 23, 1906, after which a duly verified answer, properly inclosed and sealed in a postpaid wrapper, was deposited in the post office in the city of Utica on February 12, 1906, before 6 o'clock in the afternoon, directed to plaintiff's attorney in the city of New York, at the address designated by such attorney on the summons and complaint. The answer was not returned, nor any notice or application for judgment or entry of judgment served on defendant's attorney, but a judgment was docketed in the county of New York on February 14, 1906, for failure to answer. *Held*, that the entry of the judgment by default was premature, unauthorized, and properly vacated.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 182.]

2. SAME—CONDITIONS.

Where, notwithstanding an answer was served in time, a judgment for failure to answer was improperly rendered, it was error for the court, as conditions to setting such judgment aside, to require that defendant accept five days' notice of trial, and that the cause be immediately put on the short-cause calendar; defendant being compelled to waive his right to notice of trial, to oppose a motion to put the cause on the short-cause calendar, and make a motion for a change of venue.

Appeal from Special Term, New York County.

Action by the Auto Lighter Company against Wickes, Hughes & Co. From an order imposing conditions on granting a motion to

open a default and vacating a judgment thereon, defendant appeals. Modified and affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

George M. Speaker (Benjamin Marcus, of counsel), for appellant. Louis Scheurer, for respondent.

PER CURIAM. This is an appeal from part of an order made upon a, motion vacating a judgment taken by default for failure to answer in time. It appears from the defendant's affidavits, no affidavits having been filed by the plaintiff, that the summons and complaint were served on the 23d day of January, 1906; that a duly verified answer, properly inclosed and sealed in a postpaid wrapper, was deposited in the post office in the city of Utica on the 12th day of February, 1906, before 6 o'clock in the afternoon, directed to plaintiff's attorney in the city of New York, at the address designated by said attorney on the summons and complaint. The said answer was not returned, and no notice of any sort, no application for judgment, and no notice of entry of judgment was served upon defendant's attorney, but a judgment was docketed in the county of New York on the 14th day of February, 1906, as for failure to answer. The due mailing of the answer being made to appear, and no affidavits denying the same having been submitted to the court, it is apparent that the entry of judgment by default was premature. and unauthorized, and that the default was properly set aside. The court, however, imposed conditions upon the opening of the said default, to wit, that defendant should accept five days' notice of trial, and the cause should immediately be put on the short-cause calendar for trial. The court ought not to have imposed such conditions if the judgment was prematurely entered, because, if the answer was served in time (and there is nothing upon these papers to show that it was not), the defendant was entitled to all his rights, including the opportunity to make a motion, as he had given notice that he would, for a change of venue, to receive full notice of trial, and to oppose the motion to put the case on the short-cause calendar. Yates v. Guthrie, 119 N. Y. 420, 23 N. E. 741. The court at Trial Term, Part 2, has control over the short-cause calendar, the rule requiring a notice of motion to put the case on said calendar upon affidavits, which the defendant may answer.

Therefore, so much of the order as imposes the foregoing conditions should be stricken out, the order modified accordingly, and, as modified, affirmed, with $10 costs and disbursements to the appellant.