(160 App. Div. 411)

SUGERMAN v. JACOBS et al.

(Supreme Court, Appellate Division, Second Department. January 23, 1914.)

1. TIME (§ 3*)—"UNTIL."

The word "until" is sometimes exclusive and sometimes inclusive; each case depending on the particular circumstances.

[Ed. Note.—For other cases, see Time, Cent. Dig. § 3; Dec. Dig. § 3.*

For other definitions, see Words and Phrases, vol. 8, pp. 7217–7219, 7825.]

2. TIME (§ 9*)—DETERMINATION.

Ordinarily, in determining the time within which an act required to be done shall be performed, the rule is to exclude the first day and include the last.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 11–32; Dec. Dig. § 9.*]

3. TIME (§ 9*)—COMPUTATION—STIPULATION.

Under a stipulation giving defendant "until" the 15th day of November in which to answer the complaint, defendant had the whole of the 15th within which to serve his answer; General Construction Law (Laws 1909, c. 27 [Consol. Laws, c. 22]) § 20, as amended (Laws 1910, c. 347), relating to the computation of time, not changing such rule.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 11–32; Dec. Dig. § 9.*]

4. APPEAL AND ERROR (§ 916*)—PRESUMPTION—ANSWER—GOOD FAITH.

For the purpose of an appeal from an order denying defendant's motion to compel the acceptance of his answer, the Appellate Division must assume that defendant verified his answer controverting the complaint in good faith and intends, if necessary, to controvert the complaint by proof, as against a claim that the answer was not interposed in good faith.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3699–3705; Dec. Dig. § 916.*]

5. APPEAL AND ERROR (§ 1039*)—HARMLESS ERROR—FILING PLEADINGS.

Any delay by defendant in moving to compel the acceptance of his answer was harmless to plaintiff, where answers were interposed by other defendants which must be disposed of by a trial of the issues so raised.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Richmond County.

Action by Philip Sugerman against William Jacobs, impleaded with others. From an order denying defendant's motion to compel the acceptance of his answer, defendant named appeals. Reversed, and motion granted.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Louis Levy, of New York City, for appellant.

Joseph Rosenzweig, of New York City, for respondent.

BURR, J. On the 23d day of September, 1912, William Jacobs, a defendant in this action, was served with the summons and complaint. On the 8th of October, in the same year, and within the time required for the service of an answer, he obtained a written stipulation from plaintiff's attorney that he should have "until the 15th day of November, 1912, in which to answer the complaint" therein. On the 15th of November he served a verified answer. On the same day it was returned by plaintiff's attorney on the ground that it was not served in time. No further proceedings seem to have been taken in the action until November, 1913. On the 10th of that month plaintiff's attorney noticed the case for trial as to some of the other defendants who had answered, and thereupon defendant Jacobs moved for an order compelling the acceptance of his answer. The first question presented is: Was his answer served in time?

[1] The word "until" is sometimes exclusive and sometimes inclusive, and no fixed rule can be laid down in regard to it. In each instance its construction must depend upon the circumstances and subject-matter of the case presented. Clarke v. Mayor, 111 N. Y. 621, 623, 19 N. E. 436. In the case of People ex rel. Cornell Steamboat Co. v. Hornbeck, 30 Misc. Rep. 212, 61 N. Y. Supp. 978, the court construed a provision of the statute, with respect to the preparation of assessment rolls which stated that they must be open for inspection until a specified day, as excluding that day, but the reason for that may be found in the further provision of the same statute that the board of assessors would sit on the day named as a board of review, which could not well be the case if during the entire day objections might be filed and must be received. See, also, People ex rel. N. Y. & N. J. Tel. Co. v. Neff, 15 App. Div. 12, 44 N. Y. Supp. 46, and Clarke v. Mayor, supra. In People v. Walker, 17 N. Y. 502, in construing an act continuing the charter of a corporation "until" the 1st day of January, 1850, it was held that its charter expired at midnight on the 31st day of December, 1849. But the reason for giving it this exclusive meaning was found in the fact that such "meaning ends the corporation at the close of the legal and political year." At the same time the court said:

"It must be conceded that a very slight matter in the context would be sufficient to give it a different and inclusive sense."

In Erb v. Moak, 78 Ind. 569, the Supreme Court of that state construed a stipulation extending the time to file exceptions until the 2d day of the succeeding term as excluding that day, and following that

decision similar construction has been put upon stipulations extending the time for filing bills of exceptions. Corbin v. Ketcham, 87 Ind. 138; Eshelman v. Snyder, 82 Ind. 498; Hartman v. Ringgenberg, 119 Ind. 72, 21 N. E. 464. But in St. L. & S. F. Ry. Co. v. Gracy, 126 Mo. 472, 29 S. W. 579, the Supreme Court of that state declined to follow the Supreme Court of Indiana, and held, after a careful consideration of a number of authorities in other states, that the word "until," contained in a stipulation fixing the time for the filing of a bill of exceptions, included the whole of that day; and in Houghwout v. Boisaubin, 18 N. J. Eq. 315, the court held that an offer to sell, giving the purchaser until March 1st to accept the offer, included the whole of that day; and in Kendall v. Kingsley, 120 Mass. 94, an assignment of "all rents due and coming due to me until October 1st" was held to include rents payable by a tenant upon that day.

[2] We think that the ordinary rule, in determining the time within which an act required to be done in an action or special proceeding shall be performed, is to exclude the first day and to include the last. This was the rule adopted by our Supreme Court of Judicature in 1801, construing a stipulation extending a time to plead "until the second day of the next term." Thomas v. Douglass, 2 Johns. Cas. 226. This was held to include the whole of that day; and in 1835 the Court of King's Bench, construing a stipulation extending a time to plead "until Tuesday next," held that it included all of that day. Dakins v. Wagner, 3 Dowling's Practice Cases, 535. See, also, Proudman v. Mellor, 4 H. & N. 124; The King v. Stevens, 5 East, 244; Kerr v. Jeston, 1 Dowling N. S. 538; Knox v. Simmonds, 3 Brown's Ch. 225; Isaacs v. Royal Ins. Co., Law Reports, 5 Exch. 296; Gottlieb v. Fred. W. Wolf Co., 75 Md. 126, 23 Atl. 198; Penn Placer Min. Co. v. Schreiner, 14 Mont. 121, 35 Pac. 878; Board of Commissioners v. Dart, 67 Ga. 765; Rogers v. Cherokee Iron & Ry. Co., 70 Ga. 717. This rule was formerly expressed in the statute in these exact words. Code of Procedure, § 425; Code of Civil Procedure, § 788. In 1892 the Statutory Construction Law was passed. Laws of 1892, c. 677, as amended (Laws of 1894, c. 447). This act repealed the Code provisions hereinbefore referred to, and it has in turn been succeeded by the General Construction Law (Consolidated Laws, c. 22 [Laws of 1909, c. 27] § 20, as amended [Laws of 1910, c. 347]). We think that this act "discloses no intention on the part of the Legislature to materially change the existing rule for the computation of time, except, perhaps, to more definitely fix the event from which the count is to be made." People v. Burgess, 153 N. Y. 561, 573, 47 N. E. 889; Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57 N. E. 168, 79 Am. St. Rep. 565. The Code now provides, with reference to the service of each pleading subsequent to the complaint, that it must be served "within twenty days after service of a copy of the preceding pleading" (Code of Civil Procedure, § 520), and, excluding the day upon which the prior pleading was served, the party would have the whole of the succeeding 20 days in which to demur, answer, or reply (Yates v. Guthrie, 119 N. Y. 420, 23 N. E. 741).

[3] The act to be performed under the stipulation here considered is the service of an answer. The last day mentioned in the stipulation is

the 15th day of November, 1912. We think that the ordinary construction that would be put upon this language is that the party receiving it had the whole of that day within which to serve his pleading, and that therefore the answer was served in time.

[4] Counsel for plaintiff contends, however, that, if the answer was originally timely, it was not interposed in good faith, and that the court, in the exercise of a sound discretion, may refuse at this time to compel its acceptance. It may be that the answer is interposed for delay, but that does not clearly appear. The right at this time to maintain an action to foreclose plaintiff's mortgage under the terms thereof depends upon the existence of unpaid taxes and assessments which are liens upon the mortgaged premises, and default in the payment thereof for 60 days after notice and demand. The allegations in the complaint that there are five years' taxes and two years' water rents, as well as assessments for improvements, which are not specifically described, which have become liens on the property, that notice thereof has been given to the defendants and a demand made for the payment thereof, and that such demand has been refused, are expressly denied by this answer, which denial is not upon information and belief, but as matter of actual knowledge. For the purposes of this appeal we must assume that defendant advisedly swore to that fact and intends, if necessary, to controvert the allegations of the complaint by proof.

[5] Finally we do not think that defendant has lost his right by laches to compel the acceptance of his answer. It is true that he might have moved just as soon as it was returned, instead of waiting for nearly a year in which to make such motion. But it would appear that he moved just so soon as he learned that plaintiff was about to bring the issues in the action to trial, without giving him the notice to which he was entitled if his answer had been properly served. As answers were interposed by other defendants which must be disposed of by a trial of the issues raised thereby, we fail to see how plaintiff is prejudiced by the delay.

We think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to compel the acceptance of the answer granted. All concur.