## Mine Inspectors.

*Mine Examining Board—Appointment of mine inspector fifty years old—Acts of June 9, 1911, and May 17, 1921.*

Under section 3, article xix, of the Act of June 9, 1911, P. L. 756, and section 3 of the Act of May 17, 1921, P. L. 831, relating to the qualifications respectively of bituminous and anthracite mine inspectors, the Mine Examining Board, except in the cases covered by the provisos contained in the statutes, may not grant a certificate of qualification to a candidate for the office of mine inspector who has reached his fiftieth birthday, even though he possesses all the other qualifications required by the act.

Department of Justice. Opinion to Hon. Joseph J. Walsh, Secretary of Mines.

GOLLMAR, Dep. Att'y-Gen., June 9, 1925.— Your favor of the 13th ult., addressed to the Attorney-General, is at hand. You ask to be advised whether the Mine Examining Board is justified in refusing to grant a certificate of qualification to an applicant for the office of mine inspector who has reached his fiftieth birthday, even though he possesses all the other qualifications required by the act.

Section 3, article XIX, of the Act of June 9, 1911, P. L. 756, relating to the qualifications of bituminous mine inspectors, provides:

## Mine Inspectors.

"The qualifications of candidates for the office of inspector shall be certified to the Examining Board and shall be as follows:

"The candidates shall be citizens of Pennsylvania, of temperate habits, of good repute as men of personal integrity, in good physical condition and shall be between the ages of thirty and fifty years: Provided, however, That any inspector appointed under the provisions of the act of May fifteen, one thousand eight hundred and ninety-three, or under the provisions of this act, shall be eligible for reappointment, even if beyond fifty years of age, if in good physical condition."

Section 3 of the Act of May 17, 1921, P. L. 831, relating to the qualifications of anthracite mine inspectors, provides as follows: ". . . They shall be citizens of this Commonwealth and residents of the anthracite region, of temperate habits, of good repute, of personal integrity, in good physical condition and not under thirty or over fifty years of age: Provided, however, That any person who is now serving as inspector under the provisions of the act of June eighth, one thousand nine hundred and one, . . . and its amendments, shall be eligible for appointment, even if beyond fifty years of age, if in good physical condition."

The qualifications as to age in both of these acts of assembly are the same in effect and intent, if not in language.

"When the word 'between' is used with reference to a period of time, bounded by two other specified periods of time, such as between two days named, the days or other periods of time named as boundaries are excluded:" Richardson v. Ford, 14 Ill. 332; Winans v. Thorpe, 87 Ill. App. 297.

"The word 'between,' when used in speaking of the period of time between two certain days, generally excludes the days designated as the commencement and termination of such period:" Kendall v. Kingsley, 120 Mass. 94; People v. Hornbeck, 61 N. Y. Supp. 978.

" 'Between,' when properly predicable of time, is intermediate:" Bouvier's Law Dictionary, 340.

The language of the Act of 1921, relating to anthracite mine inspectors, clearly intends that a candidate shall not be more than fifty years of age. "The words of the statute, if of common use, are to be taken in their natural, plain, obvious and ordinary significance:" Philadelphia & Erie R. R. Co. v. Catawissa R. R. Co., 53 Pa. 20. The ordinary acceptance of the use of the word "over" in connection with a term of years is "more than" or beyond. A man who has reached the fiftieth anniversary of his birth has lived more than or beyond fifty years and is, therefore, in the language of the act, over fifty years of age. Both of these acts of assembly were passed for the purpose of providing for the health and safety of persons employed in and about the coal mines of Pennsylvania. The legislature undoubtedly had this in mind in stating the qualifications of the candidates for this office. Under the statutes quoted, it has stated that certain qualifications are necessary to those whose duty it is by inspection to properly safeguard the health and safety of those employed in and about the mines. A certain age is a necessary requirement for a person applying for qualification as a mine inspector.

Except in the case of the provisos contained in the act, I am, therefore, of the opinion that the Examining Board cannot legally grant a certificate of qualifications to a candidate for the office of mine inspector who has reached his fiftieth birthday, even though he possesses all the other qualifications required by the acts of assembly referred to above.

From C. P. Addams, Harrisburg, Pa.