From Richard E. Cochran, York, Pa.

## Manufacturers Finance Co. v. Pope-Marmon Co.

*C. E. Berger,* for plaintiff.
*George H. Kaercher* and *R. R. Koch,* for defendant.

KOCH, P. J., April 16, 1928.—The writ in this case was issued on Feb. 24, 1928, and was made returnable Monday, March 5, 1928. Defendant's motion is based upon the proposition that it was made returnable at too early a date. Sections 30 and 31 of the Act of June 13, 1836, P. L. 578, says: "Every writ used for the commencement of an action shall bear date of the day of the issuing thereof, and shall be made returnable on the first day of the term next succeeding the time at which it shall be issued: Provided, that in the case of a writ of summons, if there shall not be ten days between the issuing thereof and the first day of the term as aforesaid, the writ may be made returnable on the next day preceding the last day of such term, or upon the first day of the second term next after the issuing of the writ."

"The word 'between,' when used in speaking of the period of time 'between' two certain days, generally excludes the days designated as the commence-

ment and termination of such period: People *v.* Hornbeck, 61 N. Y. Supp. 978, 30 Misc. Rep. 212; Kendall *v.* Kingsley, 120 Mass. 94, 95; Weir *v.* Thomas, 62 N. W. Repr. 871, 872, 44 Neb. 507, 48 Am. St. Reps. 741:" 1 Words and Phrases, 766.

The word "between" is very generally understood as relating to something which separates two points, places, objects, lines, sentences or ideas. That which is between is not a part of either of the things that it separates. The palings of a fence are between the posts. If the distance between two houses is twenty feet, the distance so measured does not penetrate the side of either house. So, if there be ten days between two events, neither one of the two days can be said to be the day of either event; the space of time between the two is separate of the time of the occurrence of either event.

We accept the conclusions arrived at in the cases of Snyder & Co. *v.* Finn and Welsh, 6 Dist. R. 191, 18 Pa. C. C. Reps. 594; Steen *v.* Carlson, 19 Dist. R. 966, and Imes *v.* Roberts, 25 Dist. R. 380.

The motion is sustained and the writ is quashed, at the cost of the plaintiff.

From M. M. Burke, Shenandoah, Pa.