664 BAY RIDGE AVENUE CORPORATION, Plaintiff, v. SALVADOR MARESCA and Others, Defendants.

City Court of New York, Kings County, April 10, 1933.

*Mitchell J. Levin,* for the plaintiff.

*George E. Hopes,* for the defendants.

RUSSELL, J.   This action is one for breach of terms of a bond of bail for the release of defendant Cutrie from detention under an order for arrest in a civil proceeding.

The defense is a voluntary surrender by Cutrie.   This, it appears, occurred at four P. M. on December 5, 1932.   On that day, at two-forty-five P. M., the defendants served their answer to the complaint herein.   By a stipulation defendants' time in which to serve their answer had been extended to the 5th day of December, 1932.   The defense is predicated upon section 865 of the Civil Practice Act, which in part reads: " Or the defendant may surrender himself in exoneration of the bail before the expiration of the time to answer in an action against them (the bail).   The surrender must be made to the sheriff of the county where the defendant was arrested."

In connection with and in explanation of the foregoing section we find that section 868 provides: " Where the defendant surrenders himself in exoneration of his bail he must present himself to the sheriff and require the sheriff, in writing, to take him into custody in exoneration of his bail  *  *  *  and, if requested by the bail, at any time after the surrender, the sheriff by a certificate in writing must acknowledge the surrender.   An order for the exoneration of the bail may be procured as prescribed in such section " (referring to section 866 of the Civil Practice Act).   The defense claims that a surrender, even after they had served their answer, and up to midnight on the fifth day of December, would have been within their time to answer.   As to this (*Sugarman* v. *Jacobs,* 160 App. Div. 411) plaintiff contends that when they actually served an answer, their time to answer then expired.   Article 50 of the act dealing with arrest and bail contains ten sections with but few citations of authority in definition or explanation of same.   Before resolving the alleged pivotal issue it might be well to consider the requisite elements constituting a surrender in exoneration of bail; of course if there was no completed or valid surrender at any time prior to the expiration of the time in which to answer that would *ipso facto* dispose of the matter.   Section 868 of the Civil Practice Act (cited *supra*) provides the manner in which an order for exoneration of bail, following a voluntary surrender, may be had.   It refers to subdivision 2 of section 866, and, as far as pertinent, is as follows: " Upon the application of the bail  *  *  *  a judge of the court  *  *  *  where the action is triable, may make an order directing that the bail be exonerated.   On filing the order and the papers

used on the application therefor, the bail are exonerated accordingly." This brings us to a consideration of what is the meaning of *a completed surrender*. It is elemental that where a statute prescribes the manner in which a series of acts leading to a completed whole are to be performed such statutory method must be strictly adhered to in order to effectuate such completion.

In Carmody's New York Practice (1923 ed.), at page 531, it is said: " The defendant may surrender himself and thus exonerate the bail by presenting himself to the sheriff and requiring the sheriff in writing to take him into custody. The sheriff *must give him a certificate* and *on that* the bail may become exonerated in the same manner as if they had surrendered the defendant themselves." Neither in the agreed statement of facts upon which this action is submitted, nor in the answer of defendants, is there any suggestion to the effect that there was in fact anything more than a mere voluntary surrender by defendant unaccompanied apparently by any certificate of the sheriff or any action upon such by the bail looking toward their exoneration. In *Cozine* v. *Walter* (55 N. Y. 304, at p. 307), Judge RAPALLO, speaking for the Court of Appeals, wrote: " The point made by the appellant that the surrender proved in this case was sufficient to constitute a defence to the action on the undertaking, is not, we think, tenable. * * * Upon the certificate of the sheriff that the defendant is in his custody, and on notice to the plaintiff in the action, if no good cause is shown to the contrary, the judge is authorized to make a further order exonerating the bail. *Until these proceedings are duly filed the liability of the bail continues.*"

The right of action against the bail ripens at any time the bail have failed to comply with their undertaking. The bail in the instant action prior to the expiration of the time in which to serve an answer failed to do aught than effectuate a mere physical surrender of the defendant. No order of exoneratur was obtained, nor by anything disclosed in the papers of this action has yet been had. Such order I hold was an essential factor under the statute to constitute a defense to the bail herein; having failed to obtain, plead or prove same their defense must fail.

Decision is rendered for the plaintiff in the sum of $2,500, with appropriate interest. Exception to defendant. Ten days' stay of execution.