SARAH SANICK, Appellant, v. HERMAN SCHAUDER, Respondent.—

In our opinion, under the circumstances here, the Special Term properly exercised its discretion in denying the motion (*Walsh* v. *Riley's Arrowhead Inn*, 2 A D 2d 714; *Curro* v. *Marino*, 14 A D 2d 526). Upon the argument of the appeal and in her reply brief, plaintiff has presented a contention not urged previously. She now contends that she had the entire day of March 16, 1960 in which to move to restore the action; that no proper dismissal could be made before March 17, 1960; and that the dismissal on March 16, 1960 is, therefore, jurisdictionally void. The action

was marked off the calendar on March 16, 1959. Subdivision 2 of rule 302 of the Rules of Civil Practice provides that when a case is marked off the calendar and not restored "within one year thereafter," it "shall be deemed abandoned, and the complaint and counterclaim, if any, shall be dismissed, without costs for failure to prosecute, and the clerk shall make appropriate entry to that effect pursuant to this rule without necessity of further order." Similar provisions are contained in subdivision (e) of rule 2 of the Queens County Supreme Court Rules. In our opinion, prior to March 17, 1960, any dismissal of the action pursuant to those rules was improper (General Construction Law, § 20; *Yates* v. *Guthrie,* 119 N. Y. 420; *Sugerman* v. *Jacobs,* 160 App. Div. 411; *Wheelock* v. *Wheelock,* 3 A D 2d 25, 26, affd. 4 N Y 2d 706; *Goon* v. *Fu Manchu's Restaurant,* 253 App. Div. 531, 535). But the rules are automatic and self-executing. If the Clerk fails to make an entry as to the dismissal, the action is nevertheless considered dismissed as of the proper date (*Balaka* v. *Stork Restaurant,* 3 A D 2d 857; *Walsh* v. *Riley's Arrowhead Inn, supra*; *Marco* v. *Sachs,* 25 Misc 2d 763, affd. 12 A D 2d 774, reversed on other grounds, 10 N Y 2d 542; *Wheelock* v. *Wheelock, supra*). Since the Clerk's entry as to a dismissal pursuant to those rules is merely a ministerial act, and since a dismissal becomes effective as of the proper date even if no entry be made by the Clerk, the error here as to the date of the dismissal will be disregarded (Civ. Prac. Act, § 105). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.