## HUTCHINSON v. SMART.

No. 3089. Decided November 30, 1917. (169 Pac. 166.)

1. APPEAL AND ERROR—JUDGMENT ROLL—STATUTE. Under Comp. Laws 1907, section 3197, providing that immediately after entering the judgment, the clerk must attach together and file the following papers, which shall constitute the judgment roll, specifying such papers, among them all orders deemed excepted to, orders which are not and cannot be made until some time after judgment, and which were not made in the course of the proceedings leading up to the judgment, such as orders extending the time within which to settle bills of exceptions, though made ex parte, are not made a part of and cannot be incorporated with the judgment roll without special sanction by some legislative act.[1] (Page 175.)

2. EXCEPTIONS, BILL OF—ORDERS EXTENDING TIME TO SETTLE BILLS OF EXCEPTIONS—ATTACHMENT TO BILL. The better practice is to attach the orders extending the time within which to settle bills of exceptions to the proposed bill, so that the adverse party may be advised when and by whom the orders, if any, were made; an order granted out of time being just as fatal to the jurisdiction of the court or judge as though no order were made at all. (Page 175.)

3. APPEAL AND ERROR—MOTION TO STRIKE BILL OF EXCEPTIONS—LATE SIGNING. Where the record does not show that appellant obtained timely orders extending the time within which to propose and serve his bill of exceptions, and does show that the bill was in fact signed long after the judge had lost power or jurisdiction to do so, appellee's motion to strike must be sustained, and the appeal considered on the judgment roll alone. (Page 176.)

[1] *Dayton* v. *Free*, 46 Utah 277, 148 Pac. 408.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ABSENCE OF BILL OF
   EXCEPTIONS—SUPPORT OF JUDGMENT BY PLEADINGS. In the absence
   of bill of exceptions, the only question the Supreme Court is author-
   ized to consider under the assignment that the trial court erred in
   directing judgment for appellee is whether the judgment is sus-
   tained by the pleadings. (Page 176.)

5. JUDGMENT—SUPPORT OF JUDGMENT FOR DEFENDANT IN ACTION ON
   INDEBTEDNESS. In an action on an indebtedness, where defendant's
   answer not only denied any indebtedness, but averred that an
   account was stated by the parties, and defendant found not to be
   indebted to plaintiff in any form, and that defendant was not in-
   debted to plaintiff in any form, defendant's pleadings supported
   judgment for him. (Page 176.)

6. APPEAL AND ERROR—PRESUMPTIONS FAVORING COURT BELOW—JUDG-
   MENT. Every presumption must be indulged on appeal in favor of
   the correctness of the judgment below, and in the absence of any-
   thing in the record to the contrary the Supreme Court must presume
   that the trial court properly directed judgment for defendant.
   (Page 176.)

Appeal from District Court of Cache County, Second Dis-
trict; *Hon. J. A. Howell*, Judge.

Action by Robert M. Hutchinson against Thomas Smart.

From a judgment for defendant. Plaintiff appeals.

AFFIRMED.

*Maughan & Fonnesbeck* for appellant.

*M. E. Wilson* for respondent.

FRICK, C. J.

At the threshold of this case we are met with a motion by the
defendant to dismiss the appeal: (1) Because the transcript
on appeal was not filed in time; and (2) because no appeal
bond or affidavit of impecuniosity as required by our statute
was filed within the time specified in the statute. It was made
to appear, however, that the plaintiff had obtained an exten-

sion of time from one of the justices of this court within which to file the transcript on appeal, and it was further made to appear that an affidavit of impecuniosity was filed in proper time. The motion to dismiss the appeal must therefore be denied.

The defendant, however, also interposed a motion to strike the bill of exceptions upon the ground that the district court was without jurisdiction to settle and allow the bill for the reason that the statutory time within which bills of exceptions must be settled and allowed by the district courts or judges thereof had expired long before the bill in this case was allowed and signed. The record shows the district court instructed the jury to return a verdict for the defendant, and that judgment was entered on the verdict September 23, 1915. The record further shows that a motion for a new trial was denied on November 13, 1916. Unless the plaintiff obtained an order extending the time within which to prepare and serve his proposed bill of exceptions, therefore, as he was required to do, the time within which he was required to serve his proposed bill of exceptions had expired long before the same was signed by the district judge. Comp. Laws 1907, section 3286. Without an order extending his time plaintiff's time to serve his proposed bill had therefore expired. The record shows that no attempt was made by plaintiff to serve his proposed bill of exceptions until the 24th day of April, 1917, at which time the attorney for the defendant declined to accept service thereof because the same had not been served in time. The district court, however, signed the bill on the 14th day of May, 1917, but did so subject to defendant's counsel's objections. The bill was therefore signed five months after the time specified in section 3286, supra. Plaintiff's counsel, however, contends that he obtained orders from the district judge by which the time to prepare and serve the bill had been extended, and by reason of that fact the bill was in fact settled and signed within proper time. The difficulty with counsel's contention is that the record does not disclose that such orders, or any orders, were made by the district court or judge. Counsel contends that such orders appear in the judgment roll, and, notwith-

standing the decision of this court in *Dayton* v. *Free,* 46 Utah, 277, 148 Pac. 408, to the contrary, has again strenuously argued that such orders are a part of the judgment roll, and hence need not be authenticated by the district court or judge thereof as constituting a part of the record. It was argued not only in this case, but in one or two other cases at this term, that Comp. Laws 1907, section 3197, makes all orders deemed excepted to a part of the judgment roll, and that in section 3283 orders made on ex parte applications are deemed excepted to. It is therefore contended that orders extending the time within which to settle bills of exceptions are usually made on ex parte applications, and hence are deemed excepted to, and therefore are a part of the judgment roll.

It is also contended that the case of *Dayton* v. *Free,* supra, should be reconsidered. In making that contention counsel entirely overlooks the language and purpose of section 3197, supra. That section, among other things, provides: "Immediately after entering the judgment the clerk    1, 2 must attach together and file the following papers, which constitute the judgment roll." The section then mentions the papers that shall be so attached and that constitute the judgment roll, among which are "all orders     *     *     * deemed excepted to." By requiring the clerk to attach all papers constituting the judgment roll "immediately after entering the judgment," it is very clear that only such papers, orders, and matters were intended to be made a part of the judgment roll as were then in existence. That is so for the reason that the judgment is deemed to be the last act in the case, and unless the case is appealed it necessarily is the last judicial act in the case. In view, therefore, that it is the culminating act, it is easy to understand why the judgment roll is thus ordered made up and is made up from the record as it then stands. Orders, therefore, that are not and cannot be made until some time after judgment, and which were not made in the course of the proceedings leading up to the judgment, are not made a part and cannot be incorporated into the judgment roll without special sanction by some legislative act, precisely as this court has held. It is for that reason that the

order overruling a motion for a new trial was specially made a part of the judgment roll by chapter 94, Laws Utah 1911, p. 136. Before that act orders overruling a new trial were not a part of the judgment roll. It is, however, contended that it is sufficient if it appear from the judge's certificate attached to the bill of exceptions that the time for serving and settling the bill had been extended. If that were conceded, yet there is nothing in the judge's certificate indicating that such orders had been timely made. In that connection it is only just to state, however, that the better practice is to attach the orders themselves to the proposed bill so that the adverse party may be advised when and by whom the orders, if any, were made. An order granted out of time is just as fatal to the jurisdiction of the court or judge as though no order were made at all.

We have considered the question discussed by counsel again for the sole reason that it has been earnestly insisted at this term in several cases that all ex parte orders, regardless of when made, are part of the judgment roll. In view of that we have again called attention to the language and purpose of section 3197. A careful reading of that section will show that the contention is manifestly untenable.

In view, therefore, that the record does not show that the plaintiff obtained timely orders extending the time within which to propose and serve his bill of exceptions, and the record further showing that the bill of exceptions was in fact signed long after the judge had lost power or jurisdiction to do so, the motion to strike must be sustained. The appeal must therefore be considered upon the judgment roll alone.

Plaintiff insists that the district court erred in sustaining the defendant's special demurrers to both his first and his amended complaint. The demurrers were sustained upon the ground that both complaints were uncertain in certain particulars. The reasons why the district court sustained those special demurrers are attached to the pleadings, and in considering the reasons of the district court in connection with the allegations contained in the complaints we are of the opinion that the complaints were defective precisely as indicated by the district

court in the reasons aforesaid. Entirely apart from the district court's reasons, however, it is clear that the plaintiff was not prejudiced by the rulings of that court in sustaining the special demurrers, and hence those assignments cannot be sustained.

The only other assignment we are authorized to consider is that the court erred in directing judgment for the defendant. In view, however, that there is no bill of exceptions, the only question is: Is the judgment sustained by the pleadings? The answer of the defendant not only denies    4, 5 any indebtedness, but it is affirmatively averred that an account was stated between the parties to the action, "and that upon said account stated defendant was found not to be indebted to the plaintiff in any sum whatsoever or at all." It was further averred in the answer "that said defendant is not indebted to said plaintiff in any sum whatever, or at all." Entirely apart from the denials, therefore, the foregoing averments, if true, entitled the defendant to judgment.

Every presumption must be indulged in favor of the correctness of the judgment and hence in the absence of anything in the record to the contrary, we must presume    6 that the court was right in directing judgment for the defendant.

But one conclusion is permissible, therefore, and that is, that the judgment should be affirmed. Such is the order. Respondent to recover costs.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.