## TAYLOR v. PALOMA GOLD & SILVER MINING CO.

### No. 3075.   Decided February 14, 1918.   (171 Pac. 147.)

1. APPEAL AND ERROR—RECORD—ABSTRACT—BILL OF EXCEPTIONS. Where the printed abstract showed an extension of time to file a bill of exceptions, and such statement was challenged, the court must examine the record to determine whether the bill was in fact filed as stated within the required time. (Page 502.)

2. APPEAL AND ERROR—JUDGMENT ROLL—WHAT CONSTITUTES. An unsigned order purporting to extend the time for filing a bill of exceptions is not a part of the judgement roll, and cannot be considered for any purpose when it appears in the judgment roll alone.[1] (Page 502.)

3. APPEAL AND ERROR—SCOPE OF REVIEW—RECORD—SUFFICIENCY. Orders extending time for filing bill of exceptions are of no force or effect unless properly certified by the trial court as a part of the bill of exceptions. (Page 503.)

4. APPEAL AND ERROR—SCOPE OF REVIEW—RECORD—BINDING EFFECT. In determining whether the bill of exceptions has been filed within the required time, the court on appeal is bound by what the record shows in regard thereto. (Page 503.)

5. APPEAL AND ERROR—SCOPE OF REVIEW—RECORD—SUFFICIENCY. Where the record affirmatively shows that bill of exceptions was not filed within the time originally specified, and no valid order extending the time appears, the appeal must be considered on the judgment roll alone. (Page 503.)

---

[1] *Dayton* v. *Free*, 46 Utah, 277, 148 Pac. 408; *Hutchison* v. *Smark*, 51 Utah —, 169 Pac. 166; *Swanson* v. *Sims*, 51 Utah —, 170 Pac. 744.

6. APPEAL AND ERROR—SCOPE OF REVIEW—RECORD—SUFFICIENCY—
PRESUMPTIONS. In the absence of proper bill of exceptions the
court must presume that the evidence justified the findings, and
the findings must be sustained. (Page 504.)

Appeal from the District Court of Salt Lake County, Third
District; *Hon. F. C. Loofbourow*, Judge.

Suit by S. H. Taylor against the Paloma Gold and Silver
Mining Company.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*W. R. Hutchinson* for appellant.

*Walton & Walton* for respondent.

FRICK, C. J.

Plaintiff commenced this action to compel the defendant a
mining corporation, to transfer upon its stock books certain
shares of the capital stock of said corporation, of which he
claimed to be the owner, and to issue to him new stock certifi-
cates for the ones which he presented for transfer. The
defendant in its answer denied that plaintiff was the owner
of said stock, and also interposed affirmative defenses in which
it averred that the plaintiff never obtained title to said stock;
that he obtained the same unlawfully; and further pleaded
that the plaintiff and defendant had fully compromised and
settled plaintiff's claim to said stock and that for that reason
he was not entitled thereto. In other words, the defendant
pleaded an accord and satisfaction respecting plaintiff's claim
to said stock. Plaintiff filed a reply in which he reiterated his
right and title to the stock; admitted the settlement and
accord and satisfaction set forth by the defendant, but averred
that the same was obtained by fraud and duress and was not
binding.

Upon substantially the foregoing issues a trial to the court resulted in findings of fact in favor of the defendant upon all the issues, including the alleged accord and satisfaction and the fraud and duress pleaded by the plaintiff. Judgment was accordingly entered in favor of the defendant, and the plaintiff appeals.

All the assignments of error, except two, assail the findings of fact, and the two referred to assail the correctness of the conclusions of law and judgment. This requires us to examine into the evidence. The defendant challenges our right to do that for the reason that plaintiff's proposed bill of exceptions was not served, settled, and allowed within the time required by our statute. The defendant has filed a motion to strike the bill for the reason just stated.

The record shows that the motion for a new trial was denied December 30, 1916. The record also shows that the same was denied while plaintiff's counsel was present in court and that he at that time, and as a part of the order denying the motion for a new trial, obtained the following order:  1, 2 "Plaintiff is given thirty days in which to prepare, serve, settle, and file his bill of exceptions herein." That order gave the plaintiff until the 30th day of January, 1917, in which to do the things specified therein. · The bill of exceptions was, however, not served until the 3d day of April, 1917, and was not settled and allowed by the court until the 18th day of April, 1917. We take notice of the order overruling the motion for a new trial merely because by Comp. Laws 1907, section 3197, as amended by chapter 94, Laws Utah 1911, p. 136, such an order is made a part of the judgment roll. Counsel for plaintiff, in his printed abstract, states: "Orders extending time to prepare, serve, and file bill of exceptions entered January 27 and March 24, 1917." Such a statement in the printed abstract, unless challenged by the adverse party, would ordinarily be considered as sufficient. Where, however, the adverse party challenges the correctness of such a statement, we are required to examine into the record to determine whether the bill of exceptions was in fact settled and allowed within the time required by our statute. As counsel

states in the abstract, there is inserted in what purports to be the judgment roll a pretended order extending the time to prepare and file plaintiff's bill of exceptions. That order is, however, not a part of the judgment roll and we cannot consider it for any purpose. *Dayton* v. *Free*, 46 Utah, 277, 148 Pac. 408; *Hutchison* v. *Smart*, 51 Utah, —, 169 Pac. 166; *Swanson* v. *Sims*, 51 Utah, —, 170 Pac. 774.

The record in this case, in and of itself, is strong, if not conclusive, evidence that the rule in the foregoing cases is sound and should not be departed from. The order which it is claimed was made on the 27th day of January, 1917, is not signed by any one nor filed in any case, and is not authenticated in any way. Any person could at any time insert such an order among the papers which, under section 3197, supra, constitute the judgment roll. While we are not intimating that the order in question was improperly inserted in this record, yet what we do say is that such orders are of no force or effect whatever unless they are properly authenticated by the trial court by making them a part of the bill of exceptions. We cannot consider them because they are not a part of the judgment roll, nor can we consider them as a part of the bill of exceptions unless the trial court has authenticated them as being properly made a part thereof.

When the adverse party challenges our right to examine into the evidence because the same has not been properly settled in a bill of exceptions, we are required to examine the whole record to determine whether the bill has been settled within the time required by our statute and we are bound by what the record discloses respecting that matter.

The record in this case affirmatively shows that the plaintiff's bill of exceptions was not settled within the time required by our statute, and, further, the record does not show any proper order extending the time within which the bill of exceptions could be settled and allowed under the statute. The record shows that defendant's counsel challenged plaintiff's right to settle the bill of exceptions when it was served. It was an easy matter, therefore, to have the

alleged orders extending the time within which to settle and allow the bill made a part of the bill and to have the trial court certify to their correctness. Had that been done, defendant's motion to strike would necessarily have to fail. For the reasons just stated we are not permitted to consider plaintiff's proposed bill of exceptions in this case, and hence the motion to strike must prevail. The appeal must therefore be considered on the judgment roll alone.

As before stated, the principal assignments challenge the sufficiency of the evidence to sustain the findings of fact. In the absence of a proper bill of exceptions we are bound to presume that the evidence justified the findings, and hence they must be sustained. The other assignments relate to the conclusions of law and judgment. After examining the findings we are forced to the conclusion that neither of the foregoing assignments can prevail. The conclusions of law are clearly supported by the findings, and the judgment follows the conclusions of law.

In view of the foregoing there is but one result permissible, and that is to affirm the judgment with costs to the defendant. Such is the order.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.