## UKON WATER CO. v. ROOKER et al.

No. 3450.   Decided June 9, 1920.   (190 Pac. 778.)

1. APPEAL AND ERROR—ORDERS EXTENDING TIME FOR BILL OF EXCEPTIONS ATTACHED TO JUDGMENT ROLL NOT CONSIDERED. Orders attached to the judgment roll, extending the time in which to prepare and serve a proposed bill of exceptions, cannot be considered in determining the jurisdiction of the district court to settle the bill after the expiration of thirty days, under Comp. Laws 1917, section 6969, where such orders are nowhere found in the bill itself.[1]

2. APPEAL AND ERROR—BILL OF EXCEPTION, NOT SHOWN TO HAVE BEEN SETTLED WITHIN TIME AS EXTENDED, STRICKEN. Under Comp. Laws 1917, section 6969, where action of the court in

settling a bill of exceptions after the expiration of thirty days does not appear to have been taken within time extended by the court, the bill will be stricken on motion.

3. APPEAL AND ERROR—ASSIGNMENTS DEPENDING UPON EXCEPTIONS NOT CONSIDERED WHERE BILL STRICKEN. Where errors assigned relate wholly to the admission of testimony and the giving and refusal of instructions,.and such matters are only found in the bill of exceptions, the assignments cannot be considered, where the bill of exceptions has been stricken.

Appeal from District Court, First District, Box Elder County; *J. D. Call*, Judge.

Action by the Ukon Water Company against Henry W. Rooker and others. Judgment for plaintiff, and defendants appeal.

AFFIRMED.

*J. J. Whitaker*, of Salt Lake City, and *Wm. J. Lowe*, of Brigham City, for appellants.

*Le Roy B. Young*, of Brigham City, for respondent.

[1] *Dayton* v. *Free*, 46 Utah, 277, 148 Pac. 408; *Thomas* v. *Blythe*, 44 Utah, 1, 137 Pac. 396; *Hutchinson* v. *Smart*, 51 Utah, 172, 169 Pac. 166; *Swanson* v. *Sims*, 51 Utah, 485, 170 Pac. 774; *Taylor* v. *Paloma, G. & S. Min. Co.*, 51 Utah, 500, 171 Pac. 147; *Fisher* v. *Bonneville Hotel Co.*, 55 Utah, 588, 188 Pac. 856.

GIDEON, J.

In this action plaintiff seeks to condemn for culinary and domestic purposes the waters from a certain spring belonging to defendants. The complaint was filed June 3, 1919. Defendants made separate answers. On the 15th day of October, 1919, a stipulation was entered into between counsel for the respective parties to the effect that the taking of the water in question by the plaintiff was a public necessity,

and that the waters sought to be condemned are subject to condemnation.

Plaintiff (respondent) has filed a motion to strike the bill of exceptions from the record, on the ground that it appears ''from the bill of exceptions as settled by the trial court that said bill of exceptions was not prepared and served upon respondent within thirty days after the entry of judgment in said case, and that nowhere in said bill of exceptions is there any order signed by the court extending the time within which to prepare and serve said bill of exceptions.''

The verdict of the jury assessing the compensation to be paid the defendants was returned into court on October 16, 1919, and a money judgment based upon the verdict was entered by the court. On October 28, 1919, the court made and entered its judgment that the use for which the water was taken was a public use, and on the same day a final decree of condemnation was made by the court.

The appellant's counsel served the proposed draft of the bill of exceptions on counsel for respondent on the 17th day of January, 1920. The court approved and settled the bill, as served, on the 4th day of February, 1920. It nowhere appears in the bill of exceptions that any order was made extending the time in which to prepare and serve the bill.

Comp. Laws Utah 1917, section 6969, relating to the preparation and settlement of bills of exception, provides as follows:

"When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within thirty days after the entry of judgment if the action were tried with a jury, or after service of notice of the entry of judgment if the action were tried without a jury, or after service of notice of the determination of a motion for a new trial, prepare a draft of a bill and serve the same, or a copy thereof, upon the adverse party."

There are other provisions in the Code by which the time for the preparation can be extended. There are three orders attached to the judgment roll extending the time in which to prepare and serve the proposed bill of exceptions, but such orders are nowhere found in the bill itself,        1, 2

and they are not part of the judgment roll. They cannot, therefore, be considered in determining the jurisdiction of the district court to settle the bill. *Dayton* v. *Free*, 46 Utah 277, 148 Pac. 408; *Hutchinson* v. *Smart*, 51 Utah 172, 169 Pac. 166; *Thomas* v. *Blythe*, 44 Utah 1, 137 Pac. 396; *Taylor* v. *Paloma G. & S. Min. Co.*, 51 Utah 500, 171 Pac. 147; *Swanson* v. *Sims*, 51 Utah 485, 170 Pac. 774; *Fisher* v. *Bonneville Hotel Co.*, 55 Utah 588, 188 Pac. 856. The foregoing authorities are conclusive of the question herein determined. The motion to strike the bill of exceptions must therefore be granted.

The errors assigned relate wholly to the admission of certain testimony on the part of plaintiff, the giving of certain instructions, and the refusal of the court to instruct as requested by defendants. The objectionable testimony and the exceptions to the same are found only in the bill of exceptions. The same is true respecting the exceptions to the instructions given, and the refusal to give those requested by defendant. The bill of exceptions not being before the court, these assignments cannot be considered.

No contention is made that the pleadings do not support the judgment. The allegations of the complaint, if true, without doubt entitle the plaintiff to the relief sought.

The judgment must for the reason given, be affirmed. Such is the order. Respondent to recover costs.

CORFMAN, C. J., and FRICK, WEBER and THURMAN, JJ., concur.